## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

PRESTON'S DRIVE INN RESTAURANT, INC. v. CARLA CONVERY.

April 24, 1967.

Record No. 6399.

Present, Eggleston, C. J., and Buchanan, Snead, I'Anson, Carrico and Gordon, JJ.

*Lawrence E. Freedman* (*Forman and Cherwek*, on brief), for the plaintiff in error.

*William T. Jernigan* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

On May 25, 1965, Carla Convery (complainant) filed a bill in equity to enforce the lien of a judgment which she had recovered against Walter Preston Martin on February 6, 1958. She sought to enforce the lien against certain real property located in Fairfax County which Martin had conveyed to Preston's Drive Inn Restaurant, Incorporated (Preston's) by a deed dated January 30, 1958, and recorded on February 5, 1958.

Preston's filed a demurrer which was overruled. After answers to the bill and a request for admissions and answer thereto were filed, Preston's and complainant each filed a motion for summary judgment. Thereupon a stipulation of facts was agreed upon and filed by the parties.

Upon the pleadings, admissions and stipulations of fact, the court granted complainant's motion for summary judgment, denied the defendant's motion and decreed that complainant's judgment against Martin was a lien on the property conveyed by him to Preston's and was prior to the lien of a deed of trust dated February 12, 1962, recorded February 13, 1962, executed by Preston's to trustees to secure the payment of a note for $30,000. From this decree Preston's was granted an appeal.

The facts were stipulated to be as follows:

On February 6, 1958, in the Circuit Court of Fairfax county, a judgment order was entered awarding complainant a judgment against defendant (Martin) in the amount of $2,000 plus interest and costs. This judgment was docketed on February 7, 1958. The case had been set for trial on January 20, 1958, "Which was Term Day of said Court."

By deed dated January 30, 1958, and duly recorded on February 5, 1958, Martin conveyed to Preston's the property against which complainant seeks to enforce the lien of her judgment. This deed was made pursuant to a resolution of the Board of Directors of Preston's at a meeting held January 20, 1958, accepting Martin's offer to convey this property to the corporation at an agreed value of $17,000, in exchange for capital stock of the corporation of that amount.

On February 12, 1962, Preston's executed the deed of trust referred to above, conveying said property to trustees to secure pay-

ment of the promissory note for $30,000. Preston's certificate of incorporation was issued January 2, 1958, and Martin was a stockholder, director, president and registered agent of the corporation at the time of these conveyances.

The parties stipulated that the sole question for decision by the trial court was whether complainant had a valid lien on the property conveyed by Martin to Preston's and, if so, whether the lien was prior to the 1962 deed of trust.

Complainant's position in the trial court was that although the judgment in her favor against Martin was rendered and docketed after the conveyance by Martin to Preston's, by the terms of Code § 8-386, as then effective, the judgment related back to the first day of the term of court during which it was rendered, giving her a lien on the property before it was conveyed.

Code § 8-386 was rewritten by the 1960 General Assembly, 1960 Acts, c. 466, p. 725. However, at the time of the judgment here in question it provided, in part:

> "Every judgment for money rendered in this State by any state or federal court, other than by confession in vacation, shall be a lien on all the real estate of or to which the defendant in the judgment is or becomes possessed or entitled, at or after the date of the judgment, or if it was rendered in court, at or after the commencement of the term at which it was so rendered, if the cause was in such condition that a judgment might have been rendered on the first day of the term. * *"

Appellant Preston's contends that Code § 8-390, as effective in 1958, controls. Code § 8-390 was repealed in 1964, 1964 Acts, c. 309, p. 518. In 1958, however, it provided:

> "No judgment or decree rendered in a court of this State or in the circuit court of appeals or a district court of the United States within this State shall be a lien on real estate as against a purchaser thereof for valuable consideration without notice until and except from the time that it is duly docketed in the proper clerk's office of the county or city wherein such real estate may be."

Preston's argues that no valid lien existed against it as a purchaser for valuable consideration without notice, until the judgment was docketed on February 7, 1958, and at that time the judgment debtor, Martin, had no interest in the property in question to which the lien

could attach because his conveyance to it was then completed and had been properly recorded.

Appellee argues that Preston's was not a purchaser for valuable consideration without notice because it had notice through Martin, its officer and agent, of the action pending against Martin which resulted in the judgment. The initial question, therefore, is whether notice of an action for a money judgment pending against a grantor is itself sufficient to prevent a subsequent purchaser for value from being a purchaser without notice protected by the terms of § 8-390. If notice of an existing judgment is required, then it is not material whether Preston's had notice through Martin of the action pending against Martin.

The precise question seems not to have been decided in our previous cases. However, cases deciding questions under statutory predecessors of § 8-390 have consistently referred to notice under the statute as notice of a judgment. See, *e.g.*, *Craig* v. *Sebrell*, 50 Va. (9 Gratt.) 131, 135; *Johnson's Ex'or* v. *National Exchange Bank*, 74 Va. (33 Gratt.) 473, 485 (holding that proof of notice must be so strong and clear as to fix upon the purchaser the imputation of bad faith); *Rhea* v. *Preston*, 75 Va. 757, 768; *Wicks* v. *Scull*, 102 Va. 290, 292-3, 46 S. E. 297, 298; *Miller* v. *Kemp*, 157 Va. 178, 190, 160 S. E. 203, 206.

In Virginia, if the title to real property is involved in a pending action, Code § 8-142 permits the filing of a *lis pendens* to give notice to anyone who might deal with the property in the pending litigation. The statute is not applicable, however, to an action to recover a personal judgment against the defendant. 12 Mich. Jur., Lis Pendens, § 11, p. 271; *Steinman* v. *Clinchfield Coal Corp.*, 121 Va. 611, 641, 93 S. E. 684, 693.

In the opinion by Judge Staples in *Gordon, Assignee* v. *Rixey, Assignee*, 76 Va. 694, it is said that the history of the statutes requiring the docketing of judgments "will show that they were framed for the protection of *bona fide* purchasers of real estate claiming, under alienation by or through the judgment debtor, real estate which, under former laws, would have been subject to the lien of the judgment, even in the hands of alienees, for value without notice. * *"

Then, after referring to cases in which purchasers who had been in possession of land for many years, without notice of any defect in the title, had had the liens of judgments enforced against their property, the opinion continues:

"The great hardship of these and like cases led, no doubt, to the act of 1843, the first law ever passed in Virginia requiring the docketing of judgments.* *
* *

"The only exception to, or limitation upon, this sweeping enactment, [referring to the statute, c. 182, Code 1873, providing that every judgment for money shall be a lien on all the real estate of the debtor] is found in the eighth section of the same chapter, which declares that no judgment shall be a lien on real estate as against a purchaser thereof without notice, unless it be docketed as directed.

"It will thus be seen that the only persons protected by this section is a purchaser of real estate, for value without notice, which would otherwise be subject to the lien of the judgment. With respect to every other person, it is a matter of no sort of consequence whether the judgment be or be not docketed. * * "

In Minor on Real Property, 2d ed., (Ribble) Vol. 1, § 665 at p. 872, it is said:

"It must be remembered that the 'relation back' doctrine of the judgment lien, has no effect upon the rights of subsequent bona fide purchasers without notice, which rights were acquired before the recordation of the judgment, the date of the commencement of the lien being immaterial. Such purchasers are protected by the provision that no judgment shall be a lien as against them until and except from the time it is duly docketed." (Citing Code 1924, § 6471, later § 8-390 of the 1950 Code).

The general rule is that where the defendant in an action to recover a personal or money judgment, before judgment sells property belonging to him, the mere fact that the purchaser knew of the pending action will not deprive him of the status of a *bona fide* purchaser. 92 C.J.S., Vendor and Purchaser, § 329, p. 240.

We hold here that knowledge on the part of Martin that an action for a money judgment was pending against him did not deprive Preston's, his grantee, of the status of a *bona fide* purchaser for value without notice of the judgment obtained and docketed after the making and recording of the deed from Martin to Preston's. A rule to the contrary would require an examination of court dockets for possibly indefinite periods and with uncertain results and seriously

burden the free alienation of real property. See 11 Mich. Jur., Judgments and Decrees, § 59, p. 89, Note 6.

It is true that Code § 8-386, at the time of this conveyance, provided that every judgment, except certain judgments by confession, shall be a lien on all of the real estate owned by the defendant at or after the date of the judgment, or at or after the commencement of the term of court at which it was granted, if a judgment could then be rendered. But we think this provision was necessarily qualified by the provision of § 8-390 that no judgment shall be a lien on real estate as against a purchaser thereof for value without notice except from the time that it is duly docketed in the proper clerk's office. Such purchasers are thus in plain terms excepted from the operation of § 8-386 and the relation of the judgment back to the first day of the term as provided by that statute does not give it priority over purchasers for value without notice.

The cases relied on by the complainant are not controlling. *Skipwith* v. *Cunningham*, 35 Va. (8 Leigh) 271, which held that at common law the lien of a judgment related back to the commencement of the term and overreached a deed of trust or other incumbrances made after the first day of the term, was decided before the statute of 1843 referred to in *Gordon, Assignee* v. *Rixey, Assignee, supra*, as were of course the cases cited therein to that effect.

*Hockman* v. *Hockman*, 93 Va. 455, 25 S. E. 534, gave priority to a judgment over a deed of trust admitted to record on the same day, on the ground that the statute as well as the common law related the judgment to the first moment of the first day of the term.

*New South Building and Loan Assoc.* v. *Reed*, 96 Va. 345, 31 S. E. 514, held that two judgments rendered after the recordation of a deed of trust took priority over the deed of trust because the judgments related back to the beginning of the term. There was no reference in the opinion to the status of the parties to the deed of trust, whether purchasers for value with or without notice. We do not consider that case as controlling authority requiring a similar holding in the present case.*

---

* The *Reed* case was discussed in a note in 16 Va. Law Rev., pp. 204-8, in which it was said that it was decided under the law of 1887, Code § 3570, "at which time *bona fide* purchasers received no protection if the judgment creditor exercised his option of docketing the judgment within the prescribed time." And the writer concluded: "It does seem that section 6470 [predecessor of § 8-386] has the effect of relating the lien of a judgment back to the first day of the term of court, but only to such property as the debtor is possessed of at the date of such judgment. It is submitted that this was the clear intention of the Legislature in enacting section

Since the judgment in favor of the complainant against Martin created no lien against the property conveyed by Martin to Preston's, the judgment of the trial court is reversed and final judgment for the defendants dismissing complainant's suit will be entered here.

*Reversed and final judgment.*

---

6470. It is submitted, also, that notice by a purchaser of real estate of a pending suit against his grantor does not constitute *notice* within the meaning of section 6471 [predecessor of § 8-390]."