In re Robert B. HART, Susan L. Hart, Debtors.

Robert B. HART, Susan L. Hart, Plaintiffs,

v.

UNITED VIRGINIA BANK, Defendant.

Bankruptcy No. 81–00306–A.
Adv. No. 82–0090–A.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Nov. 26, 1982.

---

Robert F. Wood, Rochester, N.Y., George F. Ball, Jr., Ball & Ball, P.C., Roy B. Zimmerman, Alexandria, Va., for debtors.

John H. Rust, Jr., McCandlish, Lillard, Rust & Church, Fairfax, Va., for United Virginia Bank.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Bankruptcy Judge.

The plaintiffs, Robert B. and Susan L. Hart, the debtors herein, are the president and secretary, respectively, of E–Z Cruz, Inc., a retail boat sales establishment with a showroom and marina facilities in Prince William County, Virginia[1]. In September 1979, E–Z Cruz, Inc. entered into a security agreement with United Virginia Bank ("the Bank") to secure the payment of indebtedness incurred to finance the purchase of inventory. This debt to the Bank was personally guaranteed by the debtors.

In July 1980, the Bank discovered that E–Z Cruz, Inc. was selling certain of the inventory in which the Bank held a security interest without making payment to the Bank. Accordingly, the Bank filed petitions for attachment and motions for judgment against the debtors and others in the circuit courts of two Virginia counties in which the debtors owned property. In conjunction with the attachment proceedings, the Bank also recorded memoranda of *lis pendens* in the land records of such counties. The debtors moved to quash the attachments in Prince William County, and the same was heard by the Circuit Court on October 31, 1980. By order dated November 10, 1980, the Court found that "the

grounds of attachment alleged ... have been duly proved," and denied the motion to quash. (*United Virginia Bank v. E–Z Cruz, Inc., et al.,* Law No. 11202, Order of November 10, 1980 (Circuit Court of Prince William County).) The court did, however, release the attachment of the debtors' bank accounts as being excessive. (*Id.*)

On March 13, 1981, E–Z Cruz, Inc. and the debtors filed their respective petitions for relief in this Court under Chapter 11 of the Bankruptcy Code. On October 13, 1981, the debtors filed a further motion in the Circuit Court of Prince William County seeking to vacate, dismiss, remove, release or otherwise modify the attachments and notice of *lis pendens.* Two days later the Bank removed to this Court the debtors' motion and all subsequent proceedings thereon, including the motion for judgment originally filed one year earlier and later stayed by the filing of the debtors' petitions in this Court.

The debtors subsequently filed this complaint for a declaratory judgment that the filing of the memoranda of *lis pendens* was "illegal as a matter of law" and further that said *lis pendens* is null and void.

▮ The term *lis pendens* is defined as "A pending suit," (*see* Black's Law Dictionary (1979)), and the effect of filing a memorandum of *lis pendens* is to give notice of a pending law suit to third parties. The plaintiff debtors claim that the filing of the memoranda of *lis pendens* was "illegal as a matter of law" because the use of *lis pendens* is restricted to actions involving "issues relating to the right, title and interest in real property."

This assertion appears to be based upon a statement in Michie's Jurisprudence of Virginia and West Virginia that *lis pendens* "has no application to a case where the action is debt to recover a personal judgment against the defendant." 12A Michie's Jurisprudence of Virginia and West Virginia, *Lis Pendens* § 11 (1978). The citation

---

1. E–Z Cruz, Inc. is also a debtor in a Chapter 11 case in this Court but is not a party to this adversary proceeding.

offered for this rule is a 1967 case, *Preston's Drive Inn Restaurant, Inc. v. Convery,* in which the Virginia Supreme Court made the following statement:

> In Virginia, if the title to real property is involved in a pending action, Code § 8–142 [since amended and recodified as § 8.01–268] permits the filing of a *lis pendens* to give notice to anyone who might deal with the property in the pending litigation. The statute is not applicable, however, to an action to recover a personal judgment against the defendant. [Citations omitted.]

*Preston's Drive Inn Restaurant, Inc. v. Convery,* 207 Va. 1013, 1016, 154 S.E.2d 160 (1967). As authority for this Rule, the court cited Michie's Jurisprudence and both sources also cite *Steinman v. Clinchfield Coal Corporation,* a somewhat earlier Virginia case which reviews the history of *lis pendens* in the Commonwealth. At one time, if title to real estate were at stake in litigation, the mere pendency of the suit was deemed sufficient to charge a purchaser with notice of the challenge to title and subject his interest in the property to the outcome of the suit. To correct the harshness of this rule, the legislature enacted a provision currently codified as Va.Code § 8.01–268, requiring any notice of pending litigation or *lis pendens* to be docketed in the Circuit Court Clerks' Office for the jurisdiction in which the land is located before such notice will bind a *bona fide* purchaser. *Steinman v. Clinchfield Coal Corporation,* 121 Va. 611, 641, 93 S.E. 684 (1917).

Whatever the law may have been in the past, the statement made in *Preston's Drive Inn, supra,* and perpetuated by Michie's, appears to be a misstatement, or at least a distortion, of current law. As indicated above, a memorandum of *lis pendens* is merely a notice to third parties that a claim has been asserted to the property described. 12A Michie's Jurisprudence, *Lis Pendens* § 3 (1978). Virginia Code § 8.01–268 states that "[n]o lis pendens or attachment shall bind or affect a subsequent bona fide purchaser of real or personal estate ... until and except from the time a mem-

orandum" is docketed in the appropriate Circuit Court Clerk's Office. The memorandum must state "the title of the cause or attachment, the general object thereof, the court wherein it is pending, the amount of the claim asserted by the plaintiff, a description of the property, and the name of the person whose estate is intended to be affected thereby." Va.Code § 8.01–268 (1977 Repl. vol.). The section speaks of "lis pendens or attachment," so that even if "lis pendens" technically were available only for actions directly involving title to real property, the identical procedure, with identical effect, may be obtained by filing a notice of attachment. The difference is formal rather than substantive and does not render the Bank's filing "illegal".

Section 8.01–268 also provides for the filing of such memoranda against a defendant's personal as well as his real property, which indicates an intent by the legislature that such filings not be restricted to suits directly involving title to real estate. The annotations to Section 8.01–268, moreover, do not mention the *Preston's Drive Inn* case. This omission is a further suggestion that filing of a memorandum of *lis pendens* or attachment is not restricted to suits directly involving title to real property.

In addition, the provisions of Section 8.01–268 must be read in conjunction with Va.Code § 8.01–458 which states that "[e]very judgment for money rendered in this Commonwealth by any state or federal court ... shall be a lien on all the real estate of ... the defendant...." Va.Code § 8.01–458 (1977 Repl. vol.). Thus, any suit in which the defendant is an individual has the potential to affect the title to real estate. Moreover, there is no dispute by the plaintiffs, Robert B. and Susan L. Hart, that they personally guaranteed the debt owing to the defendant Bank. Thus, the real and personal properties of the Harts were subject to the claims of the Bank and clearly were the type of properties contemplated by the authorization of notice of *lis pendens* and attachment in Va.Code § 8.01–268.

In addition, the plaintiff debtors allege in their complaint that the existence of the notice of *lis pendens* against the property of the debtors violates Section 362 of the Bankruptcy Reform Act of 1978 ("Bankruptcy Code"), 11 U.S.C. § 362. Section 362 operates to stay creditors from attempting to collect debts or create or enforce liens against the property of the debtors. The filing of a petition in the Bankruptcy Court triggers the automatic imposition of this stay. The Bank, however, filed its notice of *lis pendens* five months prior to the filing of the debtors' petitions in this Court. The memorandum of *lis pendens* neither creates nor enforces any lien but, as stated above, serves merely as notice that a creditor is asserting a claim to the property. Thus, the simple existence of the *lis pendens*, without more, does not and cannot violate Section 362.

The complaint herein further seeks a determination by this Court that the memorandum of *lis pendens* filed by the Bank is null and void. The defendant Bank, in support of its motion to dismiss the complaint, argues that the claim is barred by the doctrines of *res judicata*, collateral estoppel and waiver.

The doctrines of *res judicata* and collateral estoppel serve to bar a party to a previous action from relitigating matters on which a competent court has rendered judgment on the merits. Such judgments, once final, are conclusive on the parties and their privies as to the claims, facts and issues litigated. 46 Am.Jur.2d, *Judgments,* § 394 (1969). Waiver is the voluntary and intentional relinquishment of a known right or claim. 28 Am.Jur.2d, *Estoppel and Waiver,* § 154 (1966).

The Bank filed the notice of *lis pendens* pursuant to an order of the Circuit Court of Prince William County, Virginia, authorizing pre-judgment attachment of the debtors' property [2].

The Prince William County Circuit Court in fact considered the matter on two occasions, once when the Bank sought the attachments and again on the debtors' motion to quash the attachments. After hearing argument on that motion, the court released the attachment of the debtors' bank accounts but continued the attachments of the debtors' other property. (*United Virginia Bank v. E–Z Cruz, Inc., et al.,* Law No. 11202, Order of November 10, 1980 (Circuit Court of Prince William County).) It is clear from the foregoing that the parties fully litigated the matter of pre-judgment attachments in the Circuit Court of Prince William County. The decision of that court is, thus, conclusive under the doctrine of *res judicata* and binding upon this Court. In addition, this Court has ruled in a related matter in this bankruptcy that the Court lacked jurisdiction to invalidate, annul or avoid these attachments. (*In re Robert B. and Susan L. Hart,* Case No. 81–00306–A, Order of February 16, 1982.)

Accordingly, this Court finds that the question of the validity of the pre-judgment attachment of the debtors' property is *res judicata* pursuant to the order of the Prince William County Circuit Court entered November 10, 1980. The debtors thus are estopped from relitigating the matter here.

The debtors argue that the Prince William County Circuit Court never ruled on the *lis pendens* and that, therefore, the matter cannot be *res judicata.* As set forth earlier in this opinion, however, *lis pendens* involves merely the recording of a memorandum in the land records of the county to put third parties on notice until there is a final adjudication of the pending litigation. Under Virginia Code § 8.01–268 and § 8.01–458, this procedure is open to any litigating party seeking a money judgment against an individual property owner in Virginia.

The record here is unclear as to whether the issue of the propriety of the *lis pendens* was ever raised in the Prince William County Court. It is evident that the filing of the notice of *lis pendens* would

---

**2.** The grounds sufficient to support such prejudgment attachment in Virginia are quite specific and are set forth in Virginia Code § 8.01–534.

have followed the entry of the original order authorizing the pre-judgment attachments and, thereafter, the debtors sought and obtained a second hearing on their motion to quash the attachments. The debtors thus had the opportunity, at the hearing on that motion, if not at the prior hearing, to raise the issue of the propriety of the *lis pendens.* Failure by a party to litigate an issue that could have been raised in the original forum imposes upon that party the bar of *res judicata* in all subsequent litigation. This is true not only in Federal practice but also Virginia practice. Wright and Miller, *Federal Practice and Procedure,* § 4402 (1981); 8B Michie's Jurisprudence, *Former Adjudication or Res Judicata,* § 40 (1977 Repl. vol.). Thus, the debtors would be estopped from litigating now in this Court the propriety of the notice of *lis pendens.*

Having thus ruled, the Court need not consider whether the debtors also would be barred from further prosecution of this complaint by the doctrine of waiver.

■ The plaintiff debtors also contend that in October 1981 the Bank "fraudulently and illegally" removed to this Court from Prince William County the debtors' motion to vacate the *lis pendens* and the Bank's motion for judgment against the debtors.

Orders entered by this Court in the removed action have been appealed to the Fourth Circuit Court of Appeals. This Court lacks jurisdiction over that case while the appeal is pending. Accordingly, the Court also must abstain from ruling herein on the debtors' argument regarding the removal of the case to this Court. However, the Court notes in passing that the basis for this argument is an allegation that one of the Bank's attorneys stated to an employee of the Prince William County Clerk's Office that the case was being removed "by agreement of counsel." It is the debtors' position that the statement was untrue and that reliance on it by the Clerk's Office improperly brought about the removal.

■ Removal of actions to the Bankruptcy Court is governed by 28 U.S.C. § 1478

and by Rule 7004 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia. 28 U.S.C. § 1478 provides, in pertinent part, "[a] party may remove any claim or cause of action ... to the bankruptcy court for the district where such civil action is pending, if the bankruptcy courts have jurisdiction over such claim or cause of action." Local Rule 7004 sets forth the mechanical requirements for accomplishing the removal. These are few: the filing of a verified application in the bankruptcy court setting forth the facts entitling the party to removal, together with a copy of all process and pleadings. Once the party has fulfilled these requirements, removal is complete.

Thus, removal is automatic once a party has fulfilled the filing requirements in the bankruptcy court. Agreement of counsel for the opposing party is not necessary nor is the existence of such agreement relevant to any issue involving the propriety of the removal.

■ In their opposition to the Bank's motion to dismiss this complaint filed May 14, 1982, the debtors raised for the first time the allegation that the Honorable Percy L. Thornton, Jr., Prince William County Circuit Judge, failed to disclose his shareholder interest in the defendant Bank either prior to or at the time he signed the November 10, 1980 order continuing the attachments of the debtors' real property. Judge Thornton, however, both in a deposition and in an affidavit signed October 13, 1981, has stated that he disclosed his shareholder interest at the October 31, 1980 hearing on the debtors' motion to quash the attachments. Judge Thornton's affidavit further states that he made the disclosure to "both counsel and all parties present" prior to any presentation of evidence or argument and that he "specifically requested to be advised whether any party desired that another judge hear and rule upon the motion."

Assuming that the evidence supported the debtors' allegation of failure to disclose, the proper remedy would have been either by appeal or by petition for a writ of prohibition. *See,* 11A Michie's Jurisprudence,

*Judgments and Decrees,* § 135; 15 Michie's Jurisprudence, *Prohibition,* § 18 (1979). The debtors admit that they learned of Judge Thornton's shareholder interest at least by March 16, 1981. The proper relief should have been requested promptly in the state court. The debtors, having failed either to appeal or seek a writ of prohibition in the Prince William County action, would be barred by laches as well as the doctrine of collateral estoppel from obtaining redress by raising the matter in regard to a separate complaint in this Court.

Accordingly, for the reasons set forth herein, the Court grants the motion of the defendant, United Virginia Bank, to dismiss the complaint of the debtors, Robert B. and Susan L. Hart. Since the entire complaint represents an improper collateral attack on an order of the Prince William County Circuit Court, the dismissal will be with prejudice.

An appropriate Order will enter.