**GREEN HILL CORPORATION,**
Plaintiff–Appellant,

v.

**Charles C. KIM; Duak F. Kim; Bank of Seoul/New York Agency,**
Defendants–Appellees.

No. 87–2041.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 2, 1987.

Decided March 30, 1988.

Beckhorn & Hanes, P.C.; John T. Donelan, Alexandria, Va., on brief), for defendants-appellees.

Before WINTER, Chief Judge, HALL, Circuit Judge and KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.

HARRISON L. WINTER, Chief Judge:

Green Hill Corporation (Green Hill) appeals from an order of the district court which affirmed an order of the bankruptcy court denying Green Hill's motion for relief from an automatic stay. Green Hill contends that by filing a *lis pendens* under Virginia law it obtained a lien on the property of Charles and Duak Kim prior to the Kims' petition for bankruptcy under Chapter 11, and that it should be relieved from the stay in order to foreclose the lien. We agree with the district and bankruptcy courts that Green Hill did not satisfy Virginia state law requirements for the creation of lien merely by filing a memorandum *lis pendens* and obtaining a money judgment against the Kims. We perceive no basis on which to relieve it from the stay and we therefore affirm.

I.

Green Hill obtained a money judgment of $530,990.05 against the Kims on June 10, 1986, in the Eastern District of Virginia. *Green Hill Corp. v. Kim*, Civ. No. 85–1087–A (E.D.Va. filed Sept. 25, 1985). It did not docket its judgment in state court prior to the Kims' petition for bankruptcy under Chapter 11 on June 20, 1986. *In re Kim*, No. 86–01115–A (Bankr.E.D.Va.1986). However, counsel for Green Hill and the plaintiff in a related case filed a notice of *lis pendens* in the office of the Clerk of Fairfax County, Virginia, pursuant to Va. Code Ann. § 8.01–268 (1984), on September 27, 1985.[1] After the filing of the notice but

Raymond Donald Battocchi (Cole and Groner, P.C., Washington, D.C., on brief), for plaintiff-appellant.

John Howson Rust, Jr. (C. Thomas Brown, Fairfax, Va., Hazel, Thomas, Fiske,

---

1. In addition to describing the suit in which Green Hill was plaintiff, the notice of *lis pendens* described other litigation instituted by the president of Green Hill, acting individually, against the Kims. In that other litigation, plaintiff Abdoulalem Ghariani obtained an injunction prohibiting the Kims from transferring their property before final judgment. Civ. No.

before Green Hill's judgment was entered, the Bank of Seoul/New York Agency (Bank) recorded a deed of trust secured by the Kims' real property which had been executed on August 6, 1985. After bankruptcy ensued, Green Hill moved for relief from the automatic stay in order to enforce its alleged lien. Its theory was that it acquired a lien under Virginia law upon obtaining a favorable judgment in its pre-petition litigation with the Kims, thus warranting relief from automatic stay under the Bankruptcy Act, 11 U.S.C. § 362(d)(1). The Bank intervened in the proceeding to defend the priority of its lien.

## II.

■ Both the bankruptcy court and the district court ruled that the filing of the *lis pendens* and the subsequent judgment did not give Green Hill a valid lien which Green Hill could enforce. We agree.

Under Virginia law, the filing of a memorandum *lis pendens* neither creates nor enforces a lien. *In re Hart*, 24 B.R. 821 (Bankr.E.D.Va.1982). Rather, Green Hill's filing of the *lis pendens* pursuant to Va. Code Ann. § 8.01–268 (1984)[2] served merely as "notice of the pendency of the suit to any one interested and a warning that he should examine the proceedings therein to ascertain whether the title to the property was affected or not by such proceedings." *Harris v. Lipson*, 167 Va. 365, 189 S.E. 349 (1937). *See also Bray v. Landergren*, 161 Va. 699, 172 S.E. 252, 256–57 (1934). Thus the notice did not create a lien and the effect of the notice is not altered by men-

tion of the injunction obtained by another plaintiff in another suit prohibiting the Kims from transferring their assets.

In the ten days which elapsed after Green Hill obtained a money judgment and prior to the Kims' filing under Chapter 11, it could have docketed its money judgment in state court, thus creating a lien. *See* Va.Code Ann. § 8.01–458 (1984). Green Hill did not act within that period, and after the Kims' filing, Green Hill was automatically stayed from "any act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. § 362(a)(4).

## III.

■ There is an additional reason why Green Hill may not prevail. Green Hill obtained a money judgment against the Kims. It seeks only recourse to real estate once owned by the Kims' to satisfy that judgment; it does not seek to litigate title to the real estate. The Virginia Supreme Court has stated that the *lis pendens* statute is applicable to disputes concerning title to real property, but not to an action to recover a personal judgment. *Preston's Drive Inn Restaurant, Inc. v. Convery*, 207 Va. 1013, 154 S.E.2d 160, 163 (1967).[3] Under this authority the memorandum of *lis pendens* was ineffective to achieve the objective now claimed.

AFFIRMED.

K.K. HALL, Circuit Judge, dissenting:

I agree with the majority's conclusion that Green Hill did not satisfy Virginia

---

85–993–A (E.D.Va. filed Aug. 17, 1985). The fact that the injunction had been granted was set forth in the notice of *lis pendens*.

2. In relevant part, § 8.01–268 provides:
No lis pendens or attachment shall bind or affect a subsequent bona fide purchaser of real or personal estate for valuable consideration and without actual notice of such *lis pendens* or attachment, until and except from the time a memorandum setting forth the title of the cause or attachment, the general object thereof, the court wherein it is pending, the amount of the claim asserted by the plaintiff, a description of the property, and the name of the person whose estate is intended to be affected thereby, shall be admitted to record in the clerk's office of the [relevant court]....

3. The debtors cite as contrary authority *In re Hart*, 24 B.R. at 824 (while "technically" *lis pendens* is available only for actions directly involving title to real property, this "formal rather than substantive" difference did not render a *lis pendens* null and void). That case has no application here because it concerned a *lis pendens* notice of prejudgment attachments on the debtors' real property which, of course, created liens on the property. It is significant that *In re Hart* was decided by the same bankruptcy judge who decided the instant case. Although it was cited to him in oral argument, he did not apply it to grant Green Hill's motion. Rather Green Hill's motion was denied.

state law requirements for the creation of a lien solely by the filing of a memorandum *lis pendens*. I cannot, however, agree with the majority's view that this Court is powerless to grant Green Hill's request for relief from the automatic stay.

While the automatic stay provision of § 362(a)(4) prohibits "any act to create, perfect, or enforce any lien against property of the estate ...," § 362(b)(3) makes it clear that the filing of a bankruptcy petition does not operate as a stay "of any act to perfect an interest in property to the effect that the trustee's rights and powers are subject to such perfection under § 546(b)...."

In addressing this very issue, this Court has recently remarked that the import of § 546(b) is simple:

> [T]he intervention of a petition ... should not cut off an interest holder's opportunity to perfect where the interest holder could have perfected against an entity subsequently acquiring rights in the property if bankruptcy had not intervened.

*Md. National Bank v. Mayor & City Council of Baltimore*, 723 F.2d 1138, 1141 (4th Cir.1983) (quoting 4 L. King, M. Cook, R. D'Agostino & K. Klee, *Collier on Bankruptcy*, § 546.03[2], at 546–8 (15th Ed. 1983)). Clearly, the plain language of § 546(b) speaks of an interest in property, and does not limit its scope merely to liens.

> Congress in enacting § 546(b) perceived that the mere intervention of a petition in bankruptcy should not be permitted to defeat what would otherwise be a valid security interest in property. If that interest awaits perfection, and if the generally applicable state law permits that perfection to be good against an intervening purchaser, then the trustee should stand in no better shoes than such an intervening purchaser.

*Id.* at 1142.

Other courts dealing with this issue have reached similar conclusions. *See In re Yobe Elec., Inc.*, 728 F.2d 207 (3rd Cir.1984) (filing of mechanic's lien did not violate automatic stay provision of Bankruptcy Code); *Matter of Marietta Baptist Taber-*

*nacle, Inc.*, 576 F.2d 1237 (5th Cir.1978) (architect's lien, not filed until after Chapter 11 petition, related back to time work performed); *In re Ridley*, 50 B.R. 51 (Bkrtcy.M.D.Tenn.1985) (automobile lien, once perfected, related back to date of filing of notation).

In our case, the district court recognized that, but for the filing of the bankruptcy petition, Green Hill could have docketed its judgment, and that judgment would have related back to the date of filing of the lis pendens. In my view, the bankruptcy court had not only the power, but the duty, under § 546(b), to allow Green Hill to docket its judgment and perfect its lien against Kim, notwithstanding the automatic stay provisions of § 362(a)(4).

I also disagree with the majority's view that the *lis pendens* was inapplicable in this instance because Green Hill's suit was not an action concerning title to real property. Virginia Code § 8.01–268 provides, in part: "No lis pendens or attachment shall bind or affect a subsequent bona fide purchaser of real or *personal* estate...." (emphasis added), reflecting an intent by the legislature that the filing of a *lis pendens* not be restricted to suits directly involving title to real property. Moreover, even if one accepts the majority's argument, § 8.01–458 states that "[e]very judgment for money ... shall be a lien on all real estate...." Since Green Hill's money judgment, if docketed, became a lien on Kim's property, the action affects real property. *See In re Hart*, 24 B.R. 821 (Bkrtcy.E.D.Va.1982).

Accordingly, I would reverse the district court's decision and remand for further proceedings. Therefore, I respectfully dissent.