**CIRCUIT COURT OF WASHINGTON COUNTY**

Sudie Wike

    v.

Variety Mobile
Home Services, Inc.

October 22, 1992

Case No. (Chancery) 92–167

BY JUDGE CHARLES H. SMITH, JR.

This matter is pending before the court upon the defendant's "Motion to Quash Lis Pendens." The court heard arguments concerning same on September 8, 1992, and gave counsel leave to file authorities or arguments. The court has received same dated September 9, 1992, and September 25, 1992, respectively. At first appearance, it would seem that the bankruptcy case cited by the plaintiff, *Robert B. Hart, et al. v. United Virginia Bank*, Bkrtcy., 24 B.R. 821 (E.D. Va. 1982), would be good authority for the filing of a *lis pendens* in this context. In that case, the bankruptcy judge apparently ruled that the filing of a *lis pendens* was proper in almost any civil suit since "any suit in which the defendant is an individual has the potential to affect the title to real estate." However, that case was decided before the effective date of subsection B of § 8.01–268 of the Code. That subsection provides as follows:

> B. No memorandum of *lis pendens* shall be filed unless the action on which the *lis pendens* is based seeks to establish an interest by the filing party in the real property described in the memorandum.

I agree with the defendant that that subsection controls here. That subsection evinces a legislative intent to limit the application of a memorandum of *lis pendens*. The action filed by the plaintiff herein does not seek to establish an interest in the realty or personalty described in the memorandum. I will grant the motion to quash but will deny the motion for sanctions.