## CIRCUIT COURT OF ROCKINGHAM COUNTY

Carl M. Hellberg

v.

Valley Hardware Co.

June 26, 1998

Case No. (Chancery) 16800

BY JUDGE JOHN J. MCGRATH, JR.

In his Amended Bill of Complaint, the Plaintiff asserts that the owner of an adjoining tract of land had torn down its portion of a party wall between the two properties and, as a result, has exposed a portion of the Plaintiff's building to infiltration by the elements with consequent rot, decay, structural damage, and mildew, compromised the structural integrity of the Plaintiff's building, and caused runoff, seepage, and water to enter the building such that it constitutes a common law nuisance.

The Plaintiff and the Defendant's predecessor in title had entered into a Party Wall Agreement in 1986 when the party wall in question was erected. The Party Wall Agreement, which is made a part of the Amended Bill of Complaint, fixes the various liabilities of the parties for maintenance and removal of the party wall and provides in Paragraph (7) that the Agreement "shall be a covenant running with the land and shall bind their successors and assigns."

The Amended Bill of Complaint requests a money judgment of $60,000.00 and that the Defendant "be enjoined from further permitting the flow of water onto and into [plaintiff's] building as aforesaid." On the same day that the Plaintiff filed his original Bill of Complaint, he also filed a Memorandum of *Lis Pendens*, which he caused to be recorded in the land records in the County Clerk's Office.

On June 4, 1998, the Defendant filed a Motion to Dismiss the Bill of Complaint and to dismiss the Memorandum of *Lis Pendens*. Because of amendments made to the Bill of Complaint, the Defendant's Motion to

Dismiss the Bill of Complaint is now moot and not pressed. The Defendant, however, does continue to vigorously press his Motion to Dismiss the *Lis Pendens*.

Defendant takes the position that under the *Lis Pendens* statute, § 8.01-268(B) of the Code of Virginia, a *lis pendens* is permitted only when "the action on which the *lis pendens* is based seeks to establish an interest by the filing party in the real property described in the memorandum." The Defendant further argues that the case of *Preston Drive Inn v. Convery*, 207 Va. 1013 (1967), establishes in Virginia the principle that *lis pendens* are only appropriate under the Virginia statute when "title" to the real property is involved in pending litigation and *lis pendens* are not available in an action to recover a personal judgment against the defendant.

Plaintiff relies upon the decision of the United States Bankruptcy Court for the Eastern District of Virginia in *Hart v. United Va. Bank*, 24 Bankr. 821 (Bankr. E.D. Va. 1982), in which the bankruptcy court had held that a *lis pendens* filed against real estate was appropriate in suits in which only a money judgment was sought.

However, changes made to the Virginia statute and subsequent to the decision in *Hart v. United Va. Bank, supra*, have cast into serious doubt the continuing validity of that case. Although the Fourth Circuit did not directly overrule the *Hart* case in *Green Hill Corp. v. Kim*, 842 F.2d 742 (4th Cir. 1988), it did directly hold that Virginia law is that a *lis pendens* is applicable only to disputes concerning title to real property and not to actions to recover a personal judgment. Subsequent Virginia cases have treated *Hart v. United Va. Bank, supra*, as having been overruled. *See, Wike v. Variety Mobile Home Services, Inc.*, 29 Va. Cir. 225 (Washington County 1992) (Smith, J.); *see also, Genito Forest Assocs. v. Simon*, 32 Va. Cir. 245 (Chesterfield County 1993) (Hauler, J.).

It is clear that the instant suit does not seek to challenge Defendant's title to the real property of which it is the fee simple owner. In oral argument, this suit was characterized by the Plaintiff's counsel as a suit for money judgment and a suit for specific performance which arises under the 1986 Party Wall Agreement, which provides that the Party Wall Agreement "shall be a covenant running with the land and shall bind the heirs, their successors and assigns." There is at least one recent case in Virginia indicating that a *lis pendens* is appropriate in a suit which attempts to establish a vendee's lien on real property as opposed to challenging the legal title of the Defendant. See *D.R.H.I. v. L'Ambiance Assocs., Inc.*, 39 Va. Cir. 434 (Fairfax County 1996) (Kenny, J.).

In the instant proceeding, however, the mere fact that the Plaintiff is asserting that it has certain rights arising under a Party Wall Agreement, which rights may run with the land and be binding upon the heirs and successors of the other party to the contract, cannot in and of itself make this into an action that is seeking to establish an "interest" by the filing party in the real property described in the Memorandum. As regards the current owner, the Plaintiff seeks a $60,000.00 personal money judgment against the Defendant, and it seeks an injunction to enjoin the Defendant "from further permitting the flow of water onto and into his building as aforesaid." This Court does not read this request for relief to be principally or solely dependent upon the Party Wall Agreement that was signed in 1986 but to be a request for injunctive relief to prevent the continuation of a nuisance as alleged in the Amended Bill of Complaint. To the extent the Plaintiff seeks to recover on the terms of the Party Wall Agreement, that Agreement is in the chain of title, and any subsequent purchasers could be on notice of their obligations which run with the subject land.

Therefore, the Court does not consider the underlying lawsuit pleaded here to be a sufficient basis for the filing of *lis pendens* pursuant to § 8.01-268(B) of the Code of Virginia. Therefore, the Defendant's Motion to Dismiss the Memorandum of *Lis Pendens* is hereby granted. Mr. Hodge is directed to prepare an Order in accordance with § 8.01-269 dismissing the *lis pendens*.

The Clerk is directed to certify a copy of this Opinion and Order to Dabney Overton, Jr., Esq., counsel for Plaintiff, and to Glenn M. Hodge, Esq., counsel for Defendant.