## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Don Carlos Lee et al.

v.

Garrett Homes
of Virginia, L.C.

October 16, 2002

Case No. CH02-611

BY JUDGE WILLIAM H. LEDBETTER, JR.

This cause is before the court on the defendant's motion to quash a lis pendens, requiring a determination of whether the bill of complaint seeks to establish an interest in real property.

*Facts*

For these purposes, the allegations in the bill of complaint will be taken as a correct statement of the facts.

The Lees and Garrett Homes entered into a contract, by the terms of which, the Lees would purchase Lot 555 in Fawn Lake Subdivision and convey it to Garrett Homes; the Lees would pay a deposit to Garrett Homes; Garrett Homes would construct a specified house on the lot for an agreed sum and reconvey the property to the Lees.

The Lees purchased the lot, conveyed it to Garrett Homes, and paid Garrett Homes $118,750.00. Garrett Homes failed to complete construction. On August 7, 2002, Garrett Homes informed the Lees that it was going to finish the building and sell the house and lot for $585,000.00.

On August 12, 2002, the Lees instituted this suit. In it, they seek to establish a resulting or constructive trust on the property, they assert an equitable lien against the property, and they pray for monetary damages of $118,750.00. They also filed a memorandum of lis pendens against the subject lot.

Garrett Homes filed a motion to quash the lis pendens. Counsel argued the motion on October 4, 2002, and the court took it under advisement.

## Decision

Garrett Homes contends that the lis pendens is improper because the Lees are not challenging ownership of the property nor is the title of the property genuinely in dispute. This narrow construction of the function of a lis pendens is supported by dictum in *Preston's Drive-In Restaurant v. Convery*, 207 Va. 1013, 154 S.E.2d 160 (1967), and by some circuit court decisions.

In *Preston's Drive-In*, the Supreme Court said that a lis pendens was applicable to title disputes but not to actions in debt to recover a personal judgment. Later, a federal bankruptcy court suggested that a "current statement of the law" would make lis pendens appropriate in actions to recover personal judgments. The General Assembly clarified the matter by the lis pendens statute, Virginia Code § 8.01-268, in 1988 with the addition of a subsection B, which states as follows: "No memorandum of lis pendens shall be filed unless the action on which the lis pendens is based *seeks to establish an interest* by the filing party in the real property described in the memorandum." (Emphasis added.) See 12A M.J., *Lis Pendens*, § 11.

Here, the Lees seek to establish an ownership interest, an equitable interest, in the subject property. Even if one of their ultimate goals, or their primary goal, is to recover only the money that they invested in the transaction, the fact remains that, at this juncture, they are seeking to establish an interest in the specific property. See *DRHI v. L'Ambiance Associates*, 39 Va. Cir. 434 (Fairfax Co. 1996); *Abujaber v. Kawar*, 17 Va. Cir. 398 (Loudoun Co. 1989). Their claim is not spurious or pretextual. The allegations in the pleadings, summarized above, may, if proven, justify the court's finding that the Lees have an equitable interest in the property.

Accordingly, the motion to quash is denied without prejudice in the event that the Lees' claim is narrowed or other circumstances change during the course of this litigation.

Garrett Homes' motion craving oyer is now moot in view of the Lees' voluntary production of the material sought. If Garrett Homes wishes to pursue its demurrer, it may obtain a date for a hearing from this office.