## CIRCUIT COURT OF THE CITY OF RICHMOND

Lillian C. Dworsky

v.

Trust Company of Virginia,
Executor of the Estate of
Harry S. Cohen, deceased,
and Frank D. Cohen, trustee

July 14, 2003

Case No. CH-03-677-1

BY JUDGE MELVIN R. HUGHES, JR.

In this case, the plaintiff, who is a beneficiary of one-sixth of the income from The Mary C. Kramer Trust, has filed a Bill of Complaint seeking removal of the trustee, an accounting, injunctive relief, and damages. In addition to the trustee, the case also names as defendant, The Trust Company of Virginia, as Executor of the Estate of Harry S. Cohen, deceased, who was the former trustee of the trust. The matter presently before the court is The Trust Company's Motion to Quash Plaintiff's Memorandum of Lis Pendens which was filed in the case relating to the only asset of the trust, a building located at 818 Perry Street in the City of Richmond.

Plaintiff alleges that the building has been rented to Southern Distributors at a below-market rate and that the rental amount has not changed despite her repeated protests. Southern Distributors is owned and operated by the Cohen family, including Frank Cohen and Harry Cohen. In March 2003, plaintiff found out that the trustee plans to convey the trust property to a limited liability company under an Operating Agreement in exchange for a 20% membership interest in the company and initial capital of $950,000. The trust income would thereafter be limited to $3,000 per month, the same amount of income plaintiff has complained of as being below-market rental.

Plaintiff alleges that the trustees, Frank Cohen and Harry Cohen, deceased, breached their fiduciary duties to the trust and its beneficiaries by

placing their interests as owners of Southern Distributors before the best interests of the trust, by charging Southern Distributors a below-market rental for years and by proposing to dispose of the trust's asset such that it would limit the trust income to the same below-market rental.

Defendants argue that the lis pendens is inapplicable because plaintiff has no, and cannot assert any, title interest in the building. Plaintiff counters by saying that the lis pendens is appropriate since she has an equitable interest in the property by her entitlement to income now and in the future and with the proposed transfer she will lose income from it. Further, she asserts The Trust Company of Virginia has no standing to move to quash since, as the representative of the Estate of Harry Cohen, the estate has no interest in the trust.

At a hearing on the motion to quash, both defendants spoke in support of the motion. The lis pendens was filed on April 21, 2003. Plaintiff observes, correctly, that a lis pendens neither creates nor enforces a lien but serves as notice of a claim to the property. See 12A Michie's Jurisprudence of Virginia and West Virginia, *Lis Pendens*, § 2, at 452 (2002).

Under B of Va. Code § 8.01-268:

> No memorandum of lis pendens shall be filed unless the action on which the lis pendens is based seeks to establish an interest by the filing party in the real property described in the memorandum.

Despite the court's intimations to the contrary at the hearing, on reading the memoranda, including the plaintiff's which was only provided at the hearing, I think it can be fairly said that this suit does affect an interest in real property under the circumstances, albeit an interest of a trust beneficiary recognized in equity. One of the reliefs sought, an injunction preventing the transfer of the trust asset under the Operating Agreement, will affect that interest by precluding the alleged lock-in of below-market income from the asset of the trust, the real property.

In *Preston's Drive-In Restaurant v. Convery*, 207 Va. 1013, 1016 (1967), the court said that lis pendens applies to title disputes not to actions aimed at recovering only a personal judgment. In 1988, the Legislature amended § 8.01-268 by adding the B part, referenced above. In other words, suits which "seek to establish an interest," not only title, in the real property described are now covered. Here, plaintiff's interest in the real property, the trust corpus, is established. What the case involves is plaintiff's attempt to "establish" that interest by preventing the disposal of the only asset of the trust, the real property. As the case proceeds, questions raised about the administration of

the trust by its trustees will be resolved and any relief prayed for that may be granted will establish her beneficial interest in the realty as preserved for purposes of lis pendens. Because this proceeding will establish an interest in the real estate, lis pendens is implicated and is applicable.

Accordingly, the motion to quash is denied.