# CIRCUIT COURT OF BRUNSWICK COUNTY

Palm Harbor Homes, Inc.

v.

Leader Funding, Inc.,
and David Ray Morris

July 25, 2005

Case No. CL04-30

BY JUDGE W. ALLAN SHARRETT

## Question Presented

Should a lis pendens recorded by a home builder on one of its properties be quashed when it was brought in conjunction with a lawsuit for damages and injunctive relief against a defendant buyer, who contracted for the purchase of the property, entered into a financing agreement with a codefendant commercial lender, and then deeded the property to the lender in lieu of foreclosure, and where subsequently the lender has refused to pay the outstanding amount due on the property?

## Facts

Plaintiff Palm Harbor Homes, Inc., doing business as Energy Efficient Housing ("Palm Harbor"), is a manufacturer of modular homes and a Virginia licensed Class A contractor that installs its homes and performs related

32

construction work. Palm Harbor entered into a contract with Defendant David R. Morris for the construction, installation, and other work related to a custom-built home located in Brunswick County in exchange for the purchase price of $99,425. To finance the purchase of this house, Morris entered into a Construction Loan Agreement with Leader Funding, Inc. ("Leader"), a Virginia mortgage lending corporation. No party denies that Palm Harbor completed work on the property or that Morris took possession of the property. Palm Harbor asserts that it issued a Certificate of Occupancy to Morris on July 3, 2003.

Morris was apparently unable to make payments to Leader as required in the loan agreement. Morris then deeded the home to Leader, presumably in lieu of foreclosure. Palm Harbor filed a motion for judgment against Morris and Leader on May 21, 2004, alleging that the $26,373 remained unpaid from the purchase price and claiming breach of contract against both Defendants, unjust enrichment against Leader, and requesting that a constructive trust or equitable lien be placed on any funds allocated towards the purchase price or the proceeds of the sale of the property. On the same day or shortly thereafter, Palm Harbor filed a memorandum of lis pendens on the property with the Office of the Circuit Court Clerk of Brunswick County. On August 20, 2004, Leader filed a motion to quash the lis pendens arguing that the filing of the lis pendens was improper under Virginia law. Palm Harbor now claims that Leader has in fact conveyed the property to a third party, an allegation that Leader has not denied.

## Discussion

Under Virginia law, for a filing of a memorandum of lis pendens on a property to be proper, the memorandum must be filed in conjunction with litigation that asserts an interest in the property by the filing party. Relevant case law holds that a lis pendens is not proper if filed on unrelated property in conjunction with a lawsuit for personal monetary damages that has no connection to the property. Though it is clear that the requirement that the litigation assert an interest in the property does not require the filing party to explicitly seek to obtain title to the dispute property through the litigation, the extent of the interest required by statute is unclear. Decisions by Virginia circuit courts, taken alongside Palm Harbor's assertion that it holds title to the property, that Morris and/or Leader have not paid the full purchase price of the property, and that Leader is attempting to resell the property to a third party, or

has already done so, lead the Court to believe that it should deny Leader's Motion to Quash Palm Harbor's lis pendens on the property.

### Policy and Statutory Basis for Lis Pendens

The term lis pendens literally means "a pending suit," and its legal effect is to give notice to third parties that a lawsuit is pending regarding the subject property. *Hart v. United Va. Bank*, 24 B.R. 821, 823 (Bankr. E.D. Va. 1982). The filing of a lis pendens neither creates nor enforces a lien, but rather "serves merely as 'notice of the pendency of the suit to anyone interested and a warning that he should examine the proceedings therein to ascertain whether the title to the property was affected or not by such proceedings'." *Green Hill Corp. v. Kim*, 842 F.2d 742, 744 (4th Cir. 1988) (quoting *Harris v. Lipson*, 167 Va. 365, 189 S.E. 349 (1937)). The General Assembly first enacted the lis pendens statute (now codified as Va. Code § 8.01-268) due to the harshness of the prior rule that, "if title to real estate were at stake in litigation, the mere pendency of the suit was deemed sufficient to charge a purchaser with notice of the challenge to title and subject his interest in the property to the outcome of the suit." *Hart*, 24 B.R. at 824. Therefore, the original purpose of a lis pendens was to protect a subsequent innocent purchaser from buying a property with a seemingly clean title but finding out later that ownership was in dispute. A second purpose was "to ensure that litigation regarding property ownership continue uninterrupted such that any relief granted in the litigation may be enforced against the property owner," even if the property is transferred to a third party while the litigation is ongoing. *Meliani v. Jade Dunn Loring Metro, L.L.C.*, 286 F. Supp. 2d 741, 744 (E.D. Va. 2003).

In Virginia, the procedure by which a party can place a lis pendens on a property is detailed in § 8.01-268 of the Virginia Code. Most pertinent to the case at bar is Subsection (B) of that Section, which reads, "No memorandum of lis pendens shall be filed unless the action on which the lis pendens is based seeks to establish an interest by the filing party in the real property described in the memorandum." Va. Code § 8.01-268(B) (Michie 2000).

### The Parties Dispute the Applicability of Virginia Code § 8.01-268(B)

Leader does not dispute that Palm Harbor followed the requirements for filing a valid lis pendens listed in Subsection (A). The only dispute in the case at bar relates to whether the suit "seeks to establish an interest" in the disputed

property as required under Subsection (B). Leader's main contention in its Motion to Quash is that Palm Harbor's Motion for Judgment asserts only an equitable lien on "funds" due to the payment dispute and, therefore, Palm Harbor is not seeking an interest in the property through the suit and there is no statutory basis for the lis pendens. (Def.'s Mot. to Quash Lis Pendens at 2.) Palm Harbor asserts that in its purchase contract with Morris, the parties agreed that Palm Harbor would retain title to the property until it was paid the full purchase price or until Morris signed a retail installment contract. Because neither of those conditions has occurred, Palm Harbor argues, it retains the title to the property, which gives it the necessary interest in the property under § 8.01-268(B). (Pl.'s Br. in Opp. to Mot. to Quash at 2-3.) Leader does claim that it is the "current owner" of the property, (Def.'s Grounds of Defense at ¶ 11), but does not otherwise address Palm Harbor's claim to title.

### *Primary Case Law on § 8.01-268(B)*

Several courts at the state and federal levels have attempted to determine how broadly or narrowly to read the requirement that the action accompanying the lis pendens seek to establish an interest in the property described in the memorandum of lis pendens, with contrary results. In the early- and mid-twentieth century, the law in Virginia was that the lis pendens statute was applicable to suits where title to a property was a stake, but was "not applicable . . . to an action to recover a personal judgment against [a] defendant." *Hart*, 24 B.R. at 824 (quoting *Preston's Drive Inn Restaurant, Inc. v. Convery*, 207 Va. 1013, 1016, 154 S.E.2d 160 (1967)). The federal court in *Hart* set out to correct this reading of the law, which it called a "misstatement, or at least a distortion, of current law." *Id.* The court stressed that:

> The provisions of § 8.01-268 must be read in conjunction with Va. Code § 8.01-458 which states that "every judgment for money rendered in this Commonwealth by any state or federal court . . . shall be a lien on all the real estate of . . . the defendant. . . ." Va. Code § 8.01-458 (1977 Repl. Vol.). *Thus, any suit in which the defendant is an individual has the potential to affect the title to real estate.*

*Id.* (italics added). This broad reading of § 8.01-268, however, was put forth before the General Assembly adopted Subsection (B) of the statute. *Wike v.*

*Variety Mobile Home Servs., Inc.*, 29 Va. Cir. 225 (Washington County 1992).

Following the adoption of § 8.01-268(B), the U.S. Court of Appeals for the Fourth Circuit curtailed this expansive reading of the applicability of the lis pendens statute in *Green Hill Corp. v. Kim*, 842 F.2d 742 (4th Cir. 1988). In that case, the plaintiff won a monetary judgment against the defendant but did not docket the judgment in state court prior to the Defendant's filing Chapter 11 bankruptcy. In the earlier case, the plaintiff had placed a memorandum of lis pendens on a property, but subsequent to the filing of the lis pendens and before the monetary judgment was obtained, the defendant used the property as collateral for a foreign bank. When the defendant later filed Chapter 11, the plaintiff brought another suit to use the lis pendens to obtain or secure its judgment. The Fourth Circuit held that Green Hill had no authority to use the lis pendens in this manner, since the plaintiff "[sought] only recourse to real estate once owned by the Kims' [sic] to satisfy [a monetary] judgment; it does not seek to litigate title to real estate." *Id.* at 744. The court continued, "the Virginia Supreme Court has stated that the lis pendens statute is applicable to disputes concerning title to real property, but not to an action to recover a personal judgment. *Preston's Drive Inn Restaurant, Inc. v. Convery*, 207 Va. 1013, 154 S.E.2d 160, 163 (1967)." *Id.* Though the court did not directly overrule *Hart*, subsequent Virginia circuit court cases have treated *Hart* as being overruled. *Hellberg v. Valley Hardware Co.*, 46 Va. Cir. 112 (Rockingham County 1998) (citing *Wike v. Variety Mobile Home Servs., Inc.*, 29 Va. Cir. 225 (Washington County 1992), and *Genito Forest Assocs. v. Simon*, 32 Va. Cir. 245 (Chesterfield County 1993)).

Taking *Hart*, *Green Hill*, and § 8.01-268(B) side-by-side, it is clear that a lis pendens may not be filed on a defendant's property in conjunction with litigation that seeks only to obtain monetary damages and that is unconnected to the property. It seems somewhat strained, however, to maintain that Green Hill's holding that lis pendens are applicable to suits *concerning* title truly means that lis pendens are only allowable in suits where one party is attempting to *take control* of the title to a property. Such a reading is contradicted by the plain meaning of the language used in § 8.01-268(B), specifically that a lis pendens is proper in litigation aimed at establishing "*an interest* by the filing party in the real property described in the memorandum." Va. Code § 8.01-268(B) (Michie 2000) (emphasis added). Certainly, under Virginia law, a party can have an interest in property without seeking title to it.

*Gray Area in Virginia Lis Pendens Law*

Short of seeking to take title through litigation, the question remains as to what type of property-centered litigation is sufficient under Virginia law to fall under § 8.01-268(B). The case at bar falls into this gray area. Taking the statements of Palm Harbor and Leader at face value, Palm Harbor has not been paid the full purchase price of the property at issue and thus still holds title to the property. Palm Harbor's Motion for Judgment does not specifically attempt to have the property reconveyed to it, but rather seeks a constructive trust or the placement of an equitable lien on any *funds* tied to the sale of the property.

The Court has overruled Leader's demurrer, meaning that the litigation is not entirely meritless nor is it incapable of success. If Palm Harbor proves the allegations in its Motion for Judgment, it will have shown that Leader took title to the property in question and knowingly has refused to pay the balance of the purchase price. Should Palm Harbor show this to be the case, it would be unjust for the court to quash the lis pendens at this point, allowing a third party to obtain the property and then leaving Palm Harbor with no way of recovering the sum owing to it from its efforts in constructing and installing the home. Allowing such an outcome would directly contradict a central purpose of a lis pendens memorandum: to preserve the ability of a litigant to enforce any relief granted by the court even if the property at issue is transferred to a third party prior to judgment.

*Virginia Circuit Court Decisions*

Decisions in other Virginia circuits support denying Leader's Motion to Quash. In *Lee v. Garrett Homes of Va.*, 60 Va. Cir. 235 (Spotsylvania County 2002), the court denied a defendant homebuilder's motion to quash in a suit where the plaintiffs contended that they purchased a lot and conveyed it to the defendant with a payment of $118,750, with the understanding that the defendant would construct a house on the property and reconvey it to the plaintiffs. When the defendant breached the contract by informing the plaintiffs that it was going to instead sell the completed house and property for $585,000, the plaintiffs sued, seeking creation of a constructive trust on the property, an equitable lien on the property, and filed a memorandum of lis pendens. In denying the defendant's motion to quash, the court stated:

> The Lees seek to establish an ownership interest – an equitable interest – in the subject property. Even if one of their ultimate goals, or their primary goal, is to recover only the money that they invested in the transaction, the fact remains that at this juncture they are seeking to establish an interest in the specific property.. Their claim is not spurious or pretextual. The allegations in the pleadings . . . may, if proven, justify the court finding that the Lees have an equitable interest in the property.

*Id.* at 236. See also *DHRI v. L'Ambiance Assocs.*, 39 Va. Cir. 434 at 435 (Fairfax. County 1996) ("A holder of a lien on real property would normally have an 'interest' sufficient to permit the issuance of a lis pendens pursuant to § 8.01-268."). Though Palm Harbor asserted a constructive trust and a lien on funds related to the property, and not on the property itself, the above logic seems more persuasive than the argument that the lis pendens should be quashed for what could be characterized as a defect in pleading.

Further, in *Campgrounds Corp. v. Bentson*, 1992 WL 885069 (Cir. Ct. City of Richmond 1992), the court denied a motion to quash a lis pendens filed in conjunction with litigation brought by a member of a campground facility who held a promise of possession and a non-disturbance agreement executed by the former owner and lien holders of the campgrounds. After the property changed hands several times and all campgrounds memberships were cancelled, the membership holder sued the current owner of the property, a foreign corporation, for breach of the purchase agreement and filed the corresponding lis pendens. The membership-holder also asserted that the corporation was about to convey the property to a third party. The court refused to quash the lis pendens, reasoning that:

> If.Bentson obtains judgment against Campgrounds Corporation and dockets it . . . this judgment is a lien against the Campgrounds property and a purchaser from Campgrounds is on notice and takes title subject to the judgment. Campgrounds Corporation could, however, upon receiving notice of Bentson's claim, transfer title before judgment could be obtained, thereby subjecting Bentson to the risk that his judgment is essentially without value. The viability of Bentson's judgment should not be dependent upon his ability to obtain and docket it before the property passes to a third party. Lis pendens . . . is a means by which the record is made static and third parties are charged with

38

notice of the potential claim. We find this to be the logical and intended purpose of lis pendens.

*Id. Campgrounds* is very much on point with the case at bar given that Leader is either seeking to sell the property or already has done so. The holding in *Campgrounds* supports the argument that Palm Harbor's memorandum of lis pendens was filed for its "logical and intended purpose," to protect Palm Harbor's ability to execute the court's judgment in the event that the property has been or will be transferred into the hands of a third-party.

### *Palm Harbor Asserts It Holds Title*

Lastly, the Court must consider Palm Harbor's assertion that it holds title to the property. If proven correct, Leader would seemingly have no legal ability to convey the property to a third party when it does not hold title. While Palm Harbor's Motion for Judgment does not ask the Court to return possession of the property, a lawsuit by an asserted title-holder against a party in wrongful possession of the property, if proven correct, would seem to cloud over the property's title in a manner sufficient to satisfy the requirements of § 8.01-268(B) and *Green Hill*. Palm Harbor's assertion that it is the title-holder to the property thus further mandates that the court should deny the Motion to Quash before the litigation can proceed and the allegations be proven or disproved.

### *Conclusion*

Virginia Code § 8.01-268(B) requires that, for the filing of a memorandum of lis pendens to be proper, the accompanying lawsuit must seek to establish an interest in the property. Subsequent case law directs that the interest in the property must be something more than an attachment or lien on the property due to a monetary judgment in litigation unrelated to the property. The case law does not require that a suit directly seek to obtain title to property in order for the filing of a lis pendens to be proper, however. The decisions of other Virginia circuits, taken alongside Palm Harbor's allegations that it holds title to the property, that Morris and/or Leader have not paid the full purchase price for the property, and that Leader is attempting to resell the property to a third party or has already done so lead this Court to the conclusion that Palm Harbor's Memorandum of Lis Pendens is proper under § 8.01-268(B), and, therefore, Leader's Motion to Quash should be denied.