## CIRCUIT COURT OF FAIRFAX COUNTY

Carlos R. Garza

    v.

Myron Zanville et al.

August 30, 1988

Case No. (Chancery) 99981

By JUDGE THOMAS A. FORTKORT

    This matter is before the Court on Complainant's Exceptions to the Commissioner's Report filed May 31, 1988, of Barry D. Murphy, Esq., Commissioner in Chancery. Complainant's exceptions are sustained in part and overruled in part.

    1. Complainant's Exceptions cited in paragraph 1, in which Complainant joins similar exceptions filed by defendant Standard Federal Savings Bank on June 6, 1988, have already been sustained in a decree of this Court executed July 8, 1988.

    2. Complainant's Exceptions cited in paragraph 2 and in paragraph 10 are sustained. That Deed of Trust dated July 10, 1986, recorded in Deed Book 6424, page 796, will not take priority over Complainant's Judgment docketed October 16, 1986, which had a Notice of Lis Pendens filed on May 29, 1986.

    The purpose of a Notice of Lis Pendens is to prevent purchases of litigated titles and to preserve the property which is the subject of litigation. *See French v. Loyd Co.*, 32 Va. (5 Leigh) 627 (1834). The Virginia Lis Pendens

statute at § 8.01-268 changes the harshness of the common law rule that stated if title to real estate was at stake in litigation, the mere pendency of the suit was sufficient to charge a purchaser with notice and subject his interest in the property to the outcome of the suit. The statute now requires that notice of any pending litigation must be docketed before such notice will bind a subsequent purchaser and subject his interest to the outcome of the suit. *See Hart v. United Va. Bank*, 24 B.R. 821 (Bankr. E.D. Va. 1982).

The Commissioner was correct in stating a memorandum of lis pendens is merely a notice to third parties that a claim has been asserted. *Bray v. Landgren*, 161 Va. 699 (1934). It is not a seizure, nor does it alone create a lien on the property. It is merely a warning to others that rights which they may acquire will be subject to any valid judgment entered in the pending suit. *Id.*, 161 Va. at 713. Therefore, one who files a Notice of Lis Pendens must also subsequently get a docketed judgment in order to enforce the effect of his Lis Pendens. *See* Comments to § 8.01-268 and § 8.01-458. A notice of lis pendens without a subsequent judgment would be without effect. That is not the case here. Complainant did obtain a valid judgment which was docketed on October 16, 1986. Once docketed, the judgment will relate back to the time of notice. If the judgment did not relate back to such time, any subsequent purchaser in the interim would not be subject to this judgment, which is the purpose of the statute.

A Notice of Lis Pendens is effective against any pendente lite purchaser of the property involved in a suit. *See* Michie's Jurisprudence, vol. 12A, *Lis Pendens*, page 332, § 12. Such a purchaser is bound by the decree entered in the cause and is not protected by the provisions of the statutes requiring a judgment for money to be recorded before it can be binding as a lien on real estate against a purchaser for value without notice. *Id.* at 333.

The test as to whether a purchase is pendente lite is: was there, at the time of the purchase, a suit pending, involving the rule of lis pendens? *Wingfield v. Neal*, 60 W. Va. 106, 545 S.E. 47 (1906). There is no dispute that such a suit was pending at the time defendant McCullough filed his Deed of Trust.

As the Commissioner reported, a "purchaser" is one who has acquired a direct interest in the subject by way of a lien, mortgage, deed of trust, or absolute conveyance (Commissioner's Rept. pp. 17-18). There can be no dispute that defendant McCullough is a purchaser pendente lite, and any interest he acquired in the property is subject to any valid judgment entered in the suit pending at the time of purchase.

Complainant's further argument that the McCullough Deed of Trust note is invalid for lack of valid consideration need not now be decided, since this Court has determined Complainant's judgment will take priority.

3. Complainant's exception cited in paragraph 3 is sustained. There being evidence presented at the Commissioner's hearing (page 46, lines 19-22 of transcript) which indicates the judgment had been paid, its failure to be released of record appears to be an error. This Court shall issue a rule requesting judgment recipient Owen Price to show cause why judgment 97271 docketed May 5, 1984, for $2,000 plus interest and costs should not be determined to be invalid and released of record pursuant to § 55-66.5 of the 1950 Code of Virginia, as amended.

4. Complainant's exception cited in paragraph 4 is overruled. There is no evidence found in the transcript of the Commissioner's Hearing to indicate the judgment has been satisfied. However, since the record is unclear, this Court shall issue a rule requiring the judgment recipient Eric Walter to give evidence of present indebtedness and to show cause why this judgment should not be released of record.

5. Complainant's exception cited in paragraph 5 is sustained. There being evidence presented at the Commissioner's hearing that judgment 101386 is a duplicate of judgment 110150 which has been released. This Court shall issue a rule requesting Fairfax Hospital Association to give evidence of indebtedness and to show cause why this judgment should not be released of record.

6. Complainant's exceptions cited in paragraphs 6 and 7 are overruled in part and sustained in part. No

judgment was recorded on August 12, 1987, according to evidence presented at the Commissioner's hearing. The judgment 137229 docketed November 20, 1987, for $865.00 appears to cover all three prior Homeowner Association liens filed January 1, 1986, September 19, 1986, and August 12, 1987. (*See* Tr. p. 48, lines 7-21). Since under Virginia Code § 8.01-458 no money judgment constitutes a lien until the judgment is recorded on the judgment lien docket, the lien will not relate back in time and will not take effect until November 20, 1987.

7. Complainant's exception cited in paragraph 8 is sustained. There is no evidence addressed at the hearing which would support any priority of the Homeowner liens on such a basis.