**In re Raymond Lamar TALL, Jr., Laura Elaine Tall, Debtors.**

**Bankruptcy No. 2–84–01328.**

United States Bankruptcy Court, S.D. Ohio, E.D.

June 3, 1987.

Patrick A.T. West, Columbus, Ohio, for debtors.

Hylas A. Hilliard, Columbus, Ohio, for Hide–A–Way Hills Club.

Thomas C. Scott, Columbus, Ohio, trustee.

## ORDER REOPENING CASE AND FINDING CREDITOR IN CONTEMPT

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on a motion, filed by debtor Raymond L. Tall, Jr., seeking an order from this Court holding Hide–A–Way Hills Club (the "Club") in violation of the automatic stay imposed by 11 U.S.C. § 362(a). That motion was opposed by the Club and was heard by the Court.

The Court finds the following facts. The debtor and his wife filed their joint petition under the provisions of Chapter 7 of the Bankruptcy Code on April 30, 1984. The statement of liabilities filed with that petition listed an unsecured obligation to the Club in the amount of $180. The Club received notice of the pending bankruptcy case, and, although it appeared at the meeting of creditors held on June 7, 1984, it did not file a proof of claim for the purpose of receiving a distribution from the bankruptcy estate by the date set in the notice mailed to creditors on August 2, 1984 or thereafter.

On October 2, 1984 the debtor and his wife received their discharge in bankruptcy. The trustee for the bankruptcy estate collected all available non-exempt assets, filed his final report and accounting and made distribution to holders of allowed unsecured claims. On June 19, 1985 the case was closed. The debtor's motion seeking relief against the Club was filed ap-

proximately one year later on June 13, 1986.

At the time this bankruptcy case was initiated the debtor owned real property located in a development in Hocking County, Ohio, known as Hide–A–Way Hills (the "Property"). Ownership of the Property carried with it membership in the Club which maintained common areas and services in this resort-type development in exchange for receipt of monthly assessments from its members. The Property was abandoned by the bankruptcy trustee during the case and was sold by way of a foreclosure sale on April 18, 1985. Upon confirmation of that sale by the state court, the debtor's membership in the Club terminated.

Subsequent to the bankruptcy filing the Club has continued to send statements to the debtor setting forth his monthly membership assessment fees for the eleven-month period from April 30, 1984, when the bankruptcy was filed, to April 18, 1985, when confirmation of the foreclosure sale occurred. Although the Club denies that such "billings" are an attempt to collect that debt, it maintains that the fees ascribable to the debtor's period of ownership of the Property subsequent to the bankruptcy filing are a liability which was not discharged. The Club's representative also testified that the statements were sent so the debtor would "pay the money." Although the debtor's continued membership in the Club entitled him to use the roads, lakes, docks and recreational facilities in the development, there was no evidence such usage occurred.

■ The issue before the Court is the effect of the debtor's discharge in bankruptcy upon membership fees assessed by the Club attributable to periods subsequent to the bankruptcy filing date of April 30, 1984. As a preliminary matter, and despite the lack of a formal request, the Court finds that this case shall be, and the same is, hereby reopened to accord relief to the debtor. 11 U.S.C. § 350.

Based upon counsels' statements and despite their failure to submit specific documentary evidence as requested, the Court finds that the agreement between the debtor and the Club was an executory contract. As such, that agreement was still in existence at the time the bankruptcy was filed, was operative under its terms according to applicable state law, and contained certain duties and obligations which remained incumbent upon both parties, the non-performance of which would give rise to an action for breach of contract. See, *Chattanooga Memorial Park v. Still (In re Jolly)*, 574 F.2d 349 (6th Cir.1978), *cert. denied*, 439 U.S. 929, 99 S.Ct. 316, 58 L.Ed.2d 322. In this instance the Club had a continuing obligation to maintain the facilities in the development for the debtor's use, and the debtor had a continuing obligation to pay his monthly assessment fees as such charges came due and owing. Pursuant to 11 U.S.C. § 541(a), the debtor's rights under his agreement with the Club became part of his bankruptcy estate, vested in the trustee for that estate. The trustee then possessed the right to assume or reject that executory contract, subject to the approval of the Court. 11 U.S.C. § 365(a).

■ The Court finds that the trustee of this estate did not assume or reject the executory contract with the Club within sixty (60) days of the date the bankruptcy petition was filed or within any Court-approved extension of that period. Therefore, the contract was deemed rejected by operation of law under the provisions of 11 U.S.C. § 365(d)(1). That automatic rejection terminated the effect of that agreement and, regardless of the existence of any pre-petition default, gave the Club, as the other party to the contract, the right to assert a claim for damages arising from that rejection as well as for any pre-petition default. *Burger King Corp. v. Rovine Corp. (In re Rovine Corp.)*, 6 B.R. 661 (Bankr.W.D.Tenn.1980); 11 U.S.C. § 101(9) and § 101(4). Any such claim would then have been treated as a pre-petition claim for purposes of allowance and distribution from the bankruptcy estate as provided by 11 U.S.C. § 502(g). The Club failed to assert any such claim in this case.

**294**

 The Court further finds that the Club's failure to properly assert its claim in the bankruptcy case does not prevent the discharge of that obligation. The statute governing that result is 11 U.S.C. § 727(b), which states in pertinent part:

"... a discharge ... discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title and whether or not a claim based on any such debt or liability is allowed under section 502 of this title."

In addition to the statutory discharge mandate of § 727(b), the discharge order issued in this case on October 2, 1984 set forth the provisions of 11 U.S.C. § 524(a) and specifically enjoined any act to collect from the debtor or his property any debt so discharged.

 The debtor has erred in his characterization of the Club's collection activities as a violation of the automatic stay. The automatic stay imposed by 11 U.S.C. § 362(a), insofar as protection of the debtor is concerned, terminated when the discharge was issued on October 2, 1984 and was replaced by the injunctive provisions relating to the discharge contained in § 524 of the Bankruptcy Code. Allegations of violation of those discharge provisions were impliedly tried by these parties, however, and, therefore, that issue will be treated as if it had been properly pleaded as permitted by Rule 15 of the Federal Rules of Civil Procedure, which the Court hereby directs to be applicable.

Based upon the foregoing, the Court finds that the Club has violated the discharge injunction of 11 U.S.C. § 524(a) by its actions to collect from the debtor an obligation which properly should have been asserted in the bankruptcy case as part of a claim for damages from the rejection of the executory contract by operation of law. Such violation is technically a contempt. Accordingly, the Court finds that the Club is in contempt of the Court's order issued October 2, 1984. In conclusion, however, the Court finds that the debtor failed to prove or allege any damages from the actions of the Club, and therefore, no monetary recovery will be ordered.

IT IS SO ORDERED.