**In re John Paul RIESER, Trustee,**
**Plaintiff–Appellant,**

v.

**The DAYTON COUNTRY CLUB,**
**et al., Defendants–Appellees.**

**Nos. C–3–90–118, C–3–90–327.**

United States District Court,
S.D. Ohio, W.D.

Sept. 13, 1991.

John Paul Rieser, Dayton, OH, for John Paul Rieser.

Robert Bruce Berner, John Paul Petzold, Altick & Corwin, Dayton, OH, for Dayton Country Club Co.

ORDER

HERMAN J. WEBER, District Judge.

A trustee in bankruptcy brings this consolidated appeal from decisions in two bankruptcy actions wherein the United States Bankruptcy Court denied the trustee's attempts to assume and assign the debtors' full golf memberships in the Dayton Country Club. This matter is before the Court upon the parties' briefs (doc. nos. 7, 8, 10), and defendant-appellee Dayton Country Club's motion to dismiss the appeal in one of the consolidated appeals (doc. no. 11).

■ The Dayton Country Club argues that the appeal in *In re Redman*, Case No. c–3–90–118 should be dismissed, because the debtor no longer holds a membership in the Dayton Country Club. Since the motion is unopposed, the Court finds that it is well taken, and therefore, the appeal is moot. Accordingly, the Court grants Dayton Country Club's motion to dismiss the appeal in c–3–90–118 (doc. no. 11).

The remaining appeal concerns the Bankruptcy Court's Order denying the trustee's motion to assume and assign the debtor's golf membership, and granting the debtor's spouse's application to allow the transfer of the golf membership to her (doc. no. 3, pp. 7–8). The Bankruptcy Judge concluded that: 1) the golf membership was property of the bankruptcy estate within the meaning of 11 U.S.C. § 541; 2) the golf membership was an executory contract; and, 3) even though the golf membership was an executory contract, it was neither assumable nor assignable by the trustee. *Id.* at 7–8. The Bankruptcy Judge concluded alternatively that even if he ordered the trustee to assume the golf membership, "it would need to be assumed with not only its benefits but also its burdens. That is, subject to the existing applicable regulations that govern membership in the Dayton Country Club. This would require ... assignment to only the debtor's spouse. No other transfer could be recognized." *Id.* at 8.

The trustee agrees with the Bankruptcy Judge's conclusions that the golf membership constitutes property of the estate and that the golf memberships were executory contracts. The trustee argues that the Bankruptcy Judge erred by not allowing him to assume and assign the golf membership, since the federal policy favoring the assignability of executory contracts in § 365(f) applies. The trustee further argues that even if the prohibition to such assignments in § 365(c) overrides § 365(f), then the phrase "applicable law" in § 365(c)(1)(A) triggers the application of Ohio law that favors such assignments, thereby allowing the trustee to assign the golf membership.

This Court accepts the Bankruptcy Court's findings of fact unless those find-

ings are clearly erroneous. *In re Caldwell*, 851 F.2d 852, 857 (6th Cir.1988). This Court reviews de novo the Bankruptcy Court's conclusions of law. *Id.*

The Court finds that the Bankruptcy Court's findings of fact are not clearly erroneous. The Court therefore accepts the Bankruptcy Court's findings of fact.

■ Having reviewed de novo the Bankruptcy Court's conclusions of law, the Court finds that the Bankruptcy Court properly determined that the golf membership was both property of the estate within the meaning of 11 U.S.C. § 541 and an executory contract. *See In re Jolly*, 574 F.2d 349, 350–51 (6th Cir.), *cert. denied sub nom. Still v. Chattanooga Memorial Park*, 439 U.S. 929, 99 S.Ct. 316, 58 L.Ed.2d 322 (1978); *In re Tall*, 79 B.R. 291 (Bkrtcy. S.D.Ohio 1987). The Court further finds— for the reasons stated by the Bankruptcy Court—that § 365(c)(1)(A) controls this matter, and that under the applicable Ohio law cited by the Bankruptcy Judge, the trustee was not entitled to assume and assign the golf membership.

■ The Bankruptcy Court correctly concluded, in the alternative, that even if the trustee were allowed to assume and assign the golf membership, the trustee's assignment would be controlled by the regulations of the Dayton Country Club, under which the only allowable assignment would extend to the debtor's ex-spouse.

The Court notes that by attempting to assume and assign the golf membership, the trustee attempts to inflate a private agreement regarding property rights into the legal equivalent of a long-term commercial lease in order to bring the instant case within the purview of bankruptcy cases allowing assignments of leases. *See, e.g., In the Matter of Federated Depart. Stores, Inc.*, 126 B.R. 516 (Bkrtcy.S.D.Ohio 1990). The Court rejects the trustee's effort to do this not only because the Bankruptcy Judge properly applied § 365, but also because this matter, which is essentially a non-commercial dispute over the possession of a valuable membership in a recreational and social club, should be resolved in a manner consistent with applicable Ohio law. The Court therefore express-

es no opinion on the assignability of long-term commercial leases by a bankruptcy trustee in Ohio.

Accordingly, the Court AFFIRMS the Bankruptcy Court's decision in *In re Magness*, 3–89–02103, and ORDERS that:

(1) the trustee's motion to assume and assign the golf membership is DENIED.

(2) the debtor's ex-spouse's application for transfer of the debtor's membership to her is GRANTED. This Order has no effect on the rights or responsibilities of the parties set forth in the regulations of the Dayton Country Club.

The Court further ORDERS that the Dayton Country Club's motion to dismiss the appeal in *In re Redman*, Case No. c–3–90–118 (doc. no. 11) is GRANTED as that appeal is moot.

This case is TERMINATED on the docket of this Court.

IT IS SO ORDERED.