In re Margaret Louise NALE, Debtor.

Margaret Louise Nale, Plaintiff,

v.

Eldon J. Ray and Marie H. Ray, Defendants.

Bankruptcy No. 92–24096 RJB.
Adversary No. 99–1075 RJB.

United States Bankruptcy Court,
D. Colorado.

Sept. 14, 1999.

Sharon W. Grossenbach, Law Office of Sharon W. Grossenbach, Denver, Colorado, for the debtor/plaintiff.

Stephen J. Timm, Aurora, Colorado, for the defendants.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge. .

THIS MATTER came on for trial on August 23, 1999. The Court heard testimony and considered the arguments of counsel. The Court granted Plaintiff's request to file a Reply Brief to Defendants' Trial Brief. That Reply Brief was filed September 2, 1999, and the matter is now at issue.

On May 10, 1992, the Debtor filed a Chapter 13 petition. On her Schedule D she listed a town home at 1085 S. Fraser Way as a "business" property. She listed another town home at 1083 S. Fraser Way as her "residence." Indeed, 1083 S. Fraser is the address the Debtor lists on her petition as her address. The Defendants herein were listed as secured creditors since 1991 on 1085 S. Fraser Way. The Debtor testified at the trial herein that on the date of filing her bankruptcy petition she resided in 1083 S. Fraser. Mr. Ray testified that when he made the loan to the Debtor they were in the "business" property and at that time the Debtor said it was her residence. Mr. Ray further testified that he knew nothing of 1083 S. Fraser Way and that he told the Debtor he would loan her the money on her residence but he didn't want a second mortgage on income property or on a nursing home. The Debtor affirmed that indeed the loan was made while the parties were in 1085 S. Fraser Way, but that she made it clear to Mr. Ray that she lived in 1083 S. Fraser Way and the she was sure he knew that.

The Debtor's first proposed Chapter 13 Plan filed November 10, 1992, provided the following for the Defendants:

3. Class Three—the allowed secured claims shall be dealt with as follows:

A. Creditors holding secured claims who accept this plan shall be paid the amounts set forth in Column A;

B. Creditors holding secured claims who reject this plan shall retain the liens securing such claims, and they shall be paid over the period required to pay the sum in full. The Debtor(s) contends the value of the collateral securing such claims is as set forth in column B:

| Creditor | Column A | Column B |
|---|---|---|
| * Eldon Ray | .00 | .00 |

* There is no equity in the property in which to secure Creditors [sic] Lien.

On November 27, 1992, the notice for the § 341 meeting was sent to all creditors and it also set March 22, 1993, as the deadline for filing proofs of claims. The Defendants never filed a proof of claim.

On January 8, 1993, the Debtor filed an Amended Chapter 13 Plan and a Motion to Confirm. The Amended Plan had the identical language concerning the Defendants as did the original Plan. That Amended Plan and Motion to confirm were noticed, under then Local Rule 23, to all creditors, including the Defendants. The Motion to Confirm specifies, *inter alia*, as follows:

The Debtor moves for orders as follows:
. . .

3. *For an order pursuant to § 1325(s)(5) valuing property to be distributed under the Plan to holders of secured claims who do not accept the plan* . . . .

| Name of Creditor | Allowed Secured/ Mortgage Claim | Total to be paid on Secured Claim . . . | Capitalization Rate in Percentage |
|---|---|---|---|
| * Eldon Ray | 0.00 | 0.00 | |

* There is no equity in the property in which to secure creditors [sic] lien.

CREDITORS SHALL TAKE NOTICE THAT IN THE ABSENCE OF A WRITTEN OBJECTION BY A CREDITOR, THE VALUATION ASSERTED ABOVE BY THE DEBTOR WILL BE ACCEPTED BY THE COURT AND SHALL BE SUED IN THE COURT'S DETERMINATION OF THE AMOUNTS TO BE DISTRIBUTED TO HOLDERS OF MORTGAGE AND SECURED CLAIMS WHO DO NO ACCEPT THE PLAN.

The Defendants did not file an objection to the Motion to Confirm or to the Amended Plan.

On March 5, 1993, the Debtor filed a Second Amended Chapter 13 Plan and Motion to Confirm. This Plan and Motion were duly noticed to all creditors, including the Defendants. The language concerning the Defendants' secured status was exactly the same as in the previous Plan and Motion. Again, the Defendants did not object to the Plan or the Motion.

On March 23, 1993, the holder of a mortgage on 1083 S. Fraser Way (the Debtor's claimed residence) filed a Motion to Dismiss erroneously asserting that a Chapter 13 plan had been confirmed. Nevertheless, the Motion also asserted that the Debtor was in default on two post-petition mortgage payments. A hearing was held on the Motion on May 12, 1993, and the parties read a stipulation into the record (later followed by a written stipulation filed May 13, 1993) whereby the parties agreed that the Debtor could cure these defaults over time.

On June 17, 1993, the Debtor filed a Third Amended Chapter 13 Plan along with a Motion to Confirm. These too were noticed out to all creditors, including the Defendants. And again, the Defendants were treated in exactly the same fashion as in all the previous plans and did not object.

On July 23, 1993, the mortgage holder on 1083 S. Fraser Way filed a Notice of Default under the parties' stipulation, followed by an Affidavit and Request for Entry of Order for Relief from Automatic Stay on August 6, 1993. Relief from Stay was granted August 10, 1993.

On September 7, 1993, the Debtor filed her Fourth Amended Chapter 13 Plan and a Motion to Confirm. These were properly noticed to all creditors, including the Defendants, and again, the Defendants did not object, even though they were treated in exactly the same fashion as in all the previous plans and motions to confirm. Nor did they ever object to the Debtor's assertions of value for the subject property which, if true, proved the Debtor's claim that the Defendants' lien was totally unsecured.

On March 25, 1994, the Debtor filed a Notice of Change of Address wherein she listed 1085 S. Fraser Way as her residence. At the trial herein the Debtor

testified that she surrendered the 1083 S. Fraser Way property to the mortgage holder and that she "thought" she moved to 1085 S. Fraser Way at the end of January or first of February 1993.

On April 8, 1994, the Debtor's Fourth Amended Chapter 13 Plan was confirmed. The Debtor successfully completed her plan and received a discharge on October 23, 1997. The case was closed October 30, 1997.

■ On January 29, 1999, the Debtor filed the within adversary proceeding alleging that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. Defendants admitted this jurisdictional claim in his Answer filed February 25, 1999. However, there never was a motion and/or order reopening the Debtor's underlying case, Case No. 92–24096 RJB. A case can be reopened under 11 U.S.C. § 350(b) "to accord relief to the Debtor." Normally the procedure for reopening a bankruptcy case would be for a party in interest to file a motion under Rule 5010, Fed. R.B.P. However, it has been held that the bankruptcy court may reopen a case *sua sponte. In re Mullendore,* 741 F.2d 306 (10th Cir.1984) (construing former Rule 515); *In re Searles,* 70 B.R. 266 (D.R.I.1987); *In re Tall,* 79 B.R. 291 (Bankr.S.D.Ohio 1987); *In re Warren,* 24 B.R. 826 (Bankr.W.D.Ky.1982); *see also In re Thomas,* 204 F.2d 788 (7th Cir.1953). *But see Rose v. Gedeon,* Civil Action No. 83–M–225, Dist.Colo. *unpub.* July 26, 1983. Therefore, because (1) both parties admitted to the jurisdiction of this Court to hear this adversary proceeding and it would be a waste of judicial resources to retry this matter; (2) the additional costs to both parties to retry this matter is unnecessary; (3) had the Debtor filed a motion to reopen for the purpose of filing the within adversary it would have been granted as a matter of course; and (4) there is authority in this circuit and elsewhere indicating that this Court may *sua sponte* reopen the case, this Court will issue a separate order in the underlying

case reopening that case for the sole purpose of allowing the within adversary proceeding to go forward to conclusion.

Much of the arguments of counsel concerned interconnecting issues that are not really present. Those issues concerned the following:

1. Where was the Debtor residence at the time of filing of the bankruptcy petition; at the time of the plan confirmation; and at the time of this adversary?

2. Could the Debtor use § 506(a) to strip down the Defendants' lien in light of the prohibitions in § 1322(b)(2)?

3. Must a § 506(a) action be brought only by an adversary proceeding?

■ However, the real issue is whether the Defendants were afforded due process notice that their lien was being affected by the Chapter 13 Plan? Before a creditor's lien is to be voided, due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *In re Barton Industries, Inc.,* 104 F.3d 1241 (10th Cir.1997) (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). In this case the Defendants were specifically given written notice of the Debtor's Amended Plan, First Amended Plan, Second Amended Plan, Third Amended Plan, and Fourth Amended Plan, and all of the accompanying Motions to Confirm, that the Debtor intended to treat this claim as totally unsecured and that they would receive nothing as a secured creditor, but would share *pro rata* with the unsecured creditors. Yet in the face of all these pleadings and notices, the Defendants did nothing. They did not object to the plans nor did they even file a proof of claim. The *Barton* case was a Chapter 11 case where the court held that a confirmed Chapter 11 plan could alter a secured creditor's lien rights and that an adversary proceeding was not necessary.

There is no indication anywhere in the Bankruptcy Code that would restrict the application of the principles announced in *Barton* to Chapter 11 cases.

In fact, the court in *In re Andersen,* 179 F.3d 1253 (10th Cir.1999), held that a confirmed Chapter 13 plan, or any provision thereof, is not rendered void merely because a certain provision of the plan may be inconsistent with, or even contrary to, the Bankruptcy Code. In *Andersen,* the court held that a determination of undue hardship in a confirmed Chapter 13 plan was *res judicata* even though no adversary proceeding was initiated. Finally, the *Andersen* court held that if a creditor fails to timely object to a proposed plan or appeal the confirmation order, it cannot later complain about a certain provision contained in the confirmed plan, even if such provision is inconsistent with the Bankruptcy Code.

Thus, had the Defendants timely objected to the Debtor's Chapter 13 Plan on the basis that it was contrary to § 1322(b)(2), or that an adversary proceeding was necessary, or that the values asserted by the Debtor were incorrect, they quite possibly would have succeeded. But when they take no action to protect their rights after they have long standing and adequate notice of possible adverse action against those rights, then they cannot be heard to complain.

And in this case that means that the Defendants' claim was converted from a secured claim to an unsecured claim upon confirmation of the Debtor's Fourth Amended Plan. As of that date, April 8, 1994, the Defendants no longer had a lien on the Debtor's property located at 1085 S. Fraser Way, Aurora, Colorado. It is, therefore,

ORDERED, ADJUDGED AND DECREED that the lien previously held by the Defendants Eldon J. Ray and Marie H. Ray on the property described as follows is void and of no effect as of April 8, 1994, to-wit:

Lot 2, Block 2, Greenbrook filing No. 2, County of Arapahoe, State of Colorado, a/k/a 1085 S. Fraser Way, Aurora, CO 80012.

IT IS FURTHER ORDERED that each party shall bear its own costs herein.