## CIRCUIT COURT OF FAIRFAX COUNTY

Boehm

v.

Masin

February 1, 1990

Case No. (Chancery) 113831

By JUDGE THOMAS S. KENNY

This matter is before the Court on defendant Masin's motion to dismiss plaintiff Boehm's amended bill of complaint. The two count amended complaint (1) seeks judgment against Masin for his alleged default on two promissory notes, and (2) seeks to set aside, pursuant to Va. Code Section 55-81, Masin's voluntary conveyance of his interest in a house to his ex-wife. For the reasons stated below, Masin's motion to dismiss is denied.

Masin's motion essentially argues that plaintiff must have a valid, underlying judgment against Masin before asking to have the conveyance set aside. Plaintiff's previous default judgment against Masin on the two promissory notes was vacated by this Court on December 15, 1989, for lack of notice to Masin. Virginia Code § 55-82, however, clearly allows a pre-existing creditor to set aside a conveyance under § 55-81 before obtaining a judgment on the alleged obligation. Section 55-82 states that:

> [a] creditor *before obtaining a judgment or decree* for his claim may, whether such claim be due or payable or not, institute any suit which he might institute after obtaining such judgment or decree to avoid a gift, conveyance, assignment or transfer of . . . the estate

> of his debtor declared void by either § 55-80 or § 55-81 . . . .

Va. Code Ann. § 55-82 (1986) (emphasis added).

Plaintiff can therefore maintain his claim for default on the promissory notes simultaneously with his § 55-81 claim to set aside the house conveyance.

Defendant Masin is granted twenty-one days from the date of this opinion to file his answer to plaintiff's amended bill of complaint.