## CIRCUIT COURT OF FAIRFAX COUNTY

David O'Bryan

    v.

Thais Leyden O'Bryan

### January 29, 1992

### Case No. (Chancery) 116229

BY JUDGE JACK B. STEVENS

This matter is before the Court on the Motion to Dismiss and Motion to Quash Lis Pendens of Defendant, Thais Leyden O'Bryan, Executrix of the Estate of Robert L. O'Bryan and Trustee of the Robert Laird O'Bryan Trust. The Court has reviewed the arguments of counsel, as well as the cases cited in support thereof. For the reasons that follow, the Motion to Dismiss is denied and the Motion to Quash Lis Pendens is granted.

This action involves allegations of the mishandling of the administration of the Estate of Robert Laird O'Bryan and the Robert Laird O'Bryan Trust, by his wife, Thais Leyden O'Bryan, the Executrix and Trustee. The Plaintiff is the brother of the deceased. In the Bill of Complaint, the Plaintiff seeks to have the Court:

1) Restrain Defendant from disposing of or transferring one of the Trust assets;

2) Remove Defendant as Executrix/Trustee;

3) Appoint a disinterested party as Defendant's replacement;

4) Amend the probate documents of Robert Laird O'Bryan to correctly reflect the assets of the estate;

5) Revoke Defendant's gifts under the Will and the Trust, leaving Plaintiff as *sole* residuary beneficiary of the Trust; and

6) Find that Plaintiff is due $5,000 under the Trust.

In addition to filing suit herein, the Plaintiff has filed a Lis Pendens against the Tarpon Lane Property, one of the properties forming part of the Trust res. Defendant has moved to dismiss the suit, moved to quash the lis pendens, and seeks sanctions.

*Motion to Dismiss*

Defendant has moved to dismiss the Bill of Complaint in the present case claiming that the Plaintiff has breached the no-contest provisions of the Will and the Trust by filing the present action, as well as a later filed case, Chancery No. 122109.[1]

In *Womble v. Gunter*, 198 Va. 522, 529, 95 S.E.2d 213 (1956), the Court explained:

> What activity or participation constitutes a contest or attempt to defeat a will depends upon the wording of the "no contest" provision and the facts and circumstances of each particular case. The general rule is that "a resort to the means provided by law for attacking the *validity* of a will amounts to a contest . . . ." (citations omitted) (emphasis added).

The Court does not agree with Defendant's assertions that Chancery No. 122109 constitutes a breach of the no-contest provisions. Chancery 122109 does not involve a claim under the Will or the Trust, nor does it attack the validity of either document. Instead, it involves an independent claim arising from alleged wrongful actions of the decedent during his lifetime. After death, an action of this type

---

[1] Article VII, Paragraph VII, of the Trust reads as follows:

In the event that any beneficiary under this Trust . . . contests in any court the validity of this Trust or of Trustor's last will, or seeks to obtain in any proceeding in any court an adjudication that this Trust or any of its provisions or that such Will or any of its provisions is void, or seeks otherwise to void, nullify or set aside this Trust or any of its provisions, then the right of that person to take any interest given to him or her by this Trust shall be determined as it would have been determined had such person predeceased the execution of this trust instrument without issue.

Similarly, the eighth paragraph of the Will reads:

If any beneficiary under this Will in any manner directly or indirectly contests or attacks this Will or any of its provisions, any share or interest in my estate given to such contesting beneficiary under this Will is revoked and shall be disposed of in the same manner provided herein as if such contesting beneficiary had predeceased me without issue.

may only be properly brought against the decedent's estate. The action in Chancery 122109 is in the nature of a creditor's suit, not a contest, and does not breach the no-contest clauses. *See* 49 A.L.R. 2d 198, 226–228.

In the present suit, the Plaintiff has contested the validity of two versions of a holographic amendment to the Will/Trust. The amended provision seeks to reduce Plaintiff's gift under the Trust from $5,000 to $50. Plaintiff claims that the signatures are not genuine. Clearly, the Plaintiff has contested the validity of the amended provision in this suit. However, whether or not an attack as to genuineness invokes the no-contest provisions should only be addressed in the instance that the amendments are found to be genuine. This is so because the public is interested in the discovery of the commission of the crime of forgery. To punish for its actual discovery would run contrary to the public interest. *See Womble v. Gunter, supra.* Accordingly, the issue of whether the no-contest provisions warrant dismissal based on a challenge of a holographic amendment shall be reserved for determination if the versions of the amendment prove to be genuine. The Motion to Dismiss, being premature, is denied.

### Motion to Quash Lis Pendens

Defendant has moved to quash the lis pendens on the ground that *title* to the property is not the subject of either suit and seeks sanctions for the wrongful filing. In pertinent part, the Memorandum of Lis Pendens states:

> There is now pending in the Circuit Court of said Fairfax County a certain cause by David O'Bryan against Thais L. Leyden, an Executor of the Estate of Robert Laird O'Bryan . . . Trustee of the Robert Laird O'Bryan Trust, in Chancery number 116229; the general object thereof is to seek to establish an interest by this filing party . . . in the estate of Robert Laird O'Bryan and in the Robert Laird O'Bryan Trust, including but not limited to an interest in the real property described in this memorandum . . . .

In *Preston's Drive Inn v. Convery*, 207 Va. 1013, 1016, 154 S.E.2d 160 (1967), the Court stated:

> In Virginia, if the *title to real property* is involved in a pending action, Code § 8–142 (now §8.01–268) permits the filing

of a lis pendens to give notice to anyone who might deal with the property in the pending litigation. The statute is not applicable, however, to an action to recover a personal judgment against the defendant . . . . (emphasis added) (citations omitted).

*See also, Green Hill Corp. v. Kim*, 842 F.2d 742 (4th Cir. 1988).

In 1988, the legislature amended the Code by adding the following language:

No memorandum of lis pendens shall be filed unless the action on which the lis pendens is based *seeks to establish an interest by the filing party in the real property* described in the memorandum.

§ 8.01–268(B) Va. Code Ann. (1950) (emphasis added).

The Court has not found any cases interpreting the new provision.

The Plaintiff argues that the Lis Pendens is appropriate in this case, since he seeks to establish an *interest* in the real estate as the sole residual beneficiary of the Will/Trust, making him the sole beneficial owner of the Virginia real estate held as Trust res. However, if Plaintiff were to prevail as sole beneficiary, he would only be entitled to the residuary of the Trust after the debts and expenses of the Trust had been paid. His right, if any, is to personalty, rather than to the real property. Accordingly, the Motion to Quash the Lis Pendens is granted. The Motion for Sanctions is denied.