## CIRCUIT COURT OF FAIRFAX COUNTY

DRHI et al.

v.

L'Ambiance Associates, Inc.

July 9, 1996

Case No. (Chancery) 144206

BY JUDGE THOMAS S. KENNY

This matter is before the court on Defendant's Motion to Quash Lis Pendens. At issue is whether Va. Code § 8.01-268(B) is applicable. After careful review of counsels' arguments, I deny Defendant's Motion for the reasons set forth below.

For purposes of this motion, the allegations of the bill of complaint will be taken as a correct statement of the facts of the case. Plaintiff DRHI and Defendant L'Ambiance entered into a contract under which DRHI conditionally agreed to buy numerous finished lots from land developed by L'Ambiance. As part of the consideration for the purchase, DRHI, with co-plaintiff D.R. Horton, Inc., acting as principal, provided performance bonds and a "conservation deposit," which enabled L'Ambiance to receive the necessary permits for development. DRHI subsequently terminated the Contract due to Defendant's default. DRHI asked L'Ambiance to return the security, but L'Ambiance refused. As a result, DRHI sued in chancery to establish a vendee's lien against the property for the value of the bonds posted, along with monetary damages for breach of contract. It also recorded a memorandum of lis pendens against the property, indicating that Plaintiffs are seeking to establish and enforce a vendee's lien against the property. It is this memorandum of lis pendens that Defendant moved to quash.

Section 8.01-268(B) provides that "[n]o memorandum of lis pendens shall be filed unless the action on which the lis pendens is based seeks to

establish an *interest* by the filing party in the real property described in the memorandum." (Emphasis added.) Defendant interprets this provision to require that the underlying action concern disputed "title" to the property. In reaching this conclusion, Defendant relies largely upon case law decided before the addition of subsection (B) to § 8.01-268. *See Green Hill Corp. v. Kim*, 842 F.2d 472 (4th Cir. 1988); *In re Hart*, 24 Bankr. 821 (Bankr. E.D. Va. 1982). The term "interest," however, should not be construed as narrowly as Defendant asserts. A holder of a lien on real property would normally have an "interest" sufficient to permit the issuance of a lis pendens pursuant to § 8.01-268. Therefore, the second issue related to this case is whether Virginia recognizes a "vendee's lien," which is the interest that Plaintiffs allege they hold on the property.

A "vendee's lien," in those states that recognize it, is an equitable lien upon land equal to the amount a purchaser has paid toward the purchase price under an executory contract, assuming the vendor is at fault and the purchaser was not in default.[1] Virginia has not expressly addressed the validity of a "vendee's lien."[2] A majority of states, however, recognize such an interest.[3] In addition, a vendee's lien is equitable in nature, and Virginia recognizes equitable liens. *See, e.g., Hoffman v. First National Bank of Boston*, 205 Va. 232, 236-37 (1964). Therefore, the Court believes that Virginia would also recognize such a lien.[4] Accordingly, Plaintiff's claimed lien may constitute a valid interest in real property, and a memorandum of *lis pendens* may issue pursuant to § 8.01-268.

---

[1] 77 Am. Jur. 2d, *Vendor & Purchaser*, § 512 (1975 & Supp. 1996).

[2] *Cf. Bryan v. Lofftus*, 40 Va. (1 Rob.) 12, 19 (1842) (Vendee entitled to recover amount advanced for purchase when contract terminates, but case is silent on issue of whether lien arises under these circumstances).

[3] *See* Annotation, *Right of Vendee Under Executory Land Contract to Lien for Amount Paid on Purchase Price*, 33 A.L.R.2d 1384, 1387-89 (1954 & Supp. 1989); Annotation, *Right of Vendee Under an Executory Land Contract to a Lien for Amount Paid on the Purchase Price*, 45 A.L.R. 353, 354-54 (1926).

[4] *Cf.* Va. Code § 55-53 (abolishing common law "vendor's lien" but preserving such type of lien if express). Other courts have held that a state's refusal to recognize an implied vendor's lien does not affect the validity of a vendee's lien. *See* 77 Am. Jur. 2d, *Vendor & Purchaser*, § 512, n.14. The Court does not address, in this motion to quash, what specific elements of a vendee's lien must be proved at the trial of this case.